VANDEWALKER, *Guardian, & a.* v. ROLLINS, *Trustee, & a.*

A by his will gave $10,000 to B in trust for C, the income to be paid to C for life, with remainder to the children of C, if she had any, and if she had none, then to D.   C had no children.   D died in the lifetime of C, leaving one child.   *Held,* that the remainder became vested in D immediately on the death of the testator, subject to be divested by the birth of a child to C, and that, on the death of C without children, the fund passed to the heir-at-law of D.

B by his will gave $12,000 to E and F in trust to pay the income to C for life, remainder to her children if she had any, and if she had none, to such person or persons as she might appoint, and made E and F

general residuary legatees. C died leaving no child, and without making any appointment of the fund. E and F both died before C. *Held*, that upon the death of B the remainder became vested in E and F, subject to be divested by the birth of a child to C, and that upon the death of C without children the fund passed to the legal representatives of E and F.

The quality of property for purposes of transmission by will or inheritance is not changed from the character in which the testator or intestate left it, unless there is some clear act or intention by which he has impressed upon it a definite character either as money or land. And when, for the security of the fund, money is converted into land by a judicial decree, the land is substituted for the fund and goes to the person who would have taken the fund had it remained specifically personal estate.

BILL IN EQUITY, brought by Jane M. Vandewalker, guardian of Charles March Stephens, minor, and John S. H. Frink, administrator of the estate of Susan S. March St. Clair, against William H. Rollins, trustee, and the heirs of Frances Freeman, asking for an accounting by said trustee, and payment and delivery of the sums of money and securities, and the transfer of the estate in his hands, to the plaintiffs. Facts found by the court.

The claims of the plaintiffs arise under the wills of Charles W. March and of John Howard March respectively. Charles W. March, by his will, gave to Clement March, in trust for his sister, Susan S. March St. Clair, the sum of $10,000, the income to be paid her for her life, with remainder to her children, if she had any, and if she had none, then to his niece, Susan Sparhawk Stephens. In the lifetime of Susan S. March St. Clair, Clement March, the trustee, became embarrassed, and such proceedings were had that a portion of said fund was secured by liens on his property, and by order of the court was placed in the hands of the defendant Rollins, as trustee, to hold according to the terms of Charles March's will. Susan Sparhawk Stephens died in the lifetime of Susan S. March St. Clair, leaving one child, Charles March Stephens, the claimant, and neither Mrs. Stephens nor Mrs. St. Clair left any husband. Charles W. March made Clement March his residuary legatee. Clement March died in West Virginia unmarried, childless, and without will, and by the laws of that state Susan S. March St. Clair and Charles March Stephens were his heirs-at-law. Susan S. March St. Clair died in the District of Columbia, intestate as to this estate, and by the laws of the district Charles March Stephens was her heir-at-law. By the laws of the state of New Hampshire, her aunt, Frances Freeman, who was living at the death of Mrs. St. Clair, would have been her next of kin and heir-at-law.

The claim arising under the will of John Howard March pre-

sents the following facts : John Howard March was the uncle of
Charles W. March, Clement March, Susan S. March St. Clair, and
of one Frank March, who died many years ago, leaving a daugh-
ter, Susan Sparhawk Stephens, who died after John Howard and
Charles W., but before Clement and Susan St. Clair, having no
husband, and an only child, Charles March Stephens, the claimant.
Frances Freeman was not related by blood to John Howard March,
but was an aunt to Charles W. Clement and Susan St. Clair, being
a sister to their mother. She survived all of them, and died leav-
ing the defendants, except Rollins, as her heirs-at-law.

John Howard March by will gave to Charles W. and Clement
March, his nephews, in trust, the sum of $12,000, to pay the in-
come to Susan S. March St. Clair for life, and in case she left
children, to divide the same among them ; and in case she left no
husband or child, the bequest was to go to such person or persons
as she might appoint. She died in the District of Columbia, hav-
ing no husband or child, and making no appointment and disposi-
tion of this fund. John Howard March made no other disposition
of this fund, but made Charles W. March and Clement March his
residuary legatees. Clement March died in West Virginia, July
25, 1878, leaving no will. Under the laws of West Virginia his
sister, Susan S. March St. Clair, and Charles March Stephens,
were his heirs-at-law. Susan S. March St. Clair died July 3, 1883,
in the District of Columbia, and by the laws of that district Charles
March Stephens was her heir-at-law. By the laws of New Hamp-
shire, Frances Freeman was her heir-at-law.

John Howard March died in 1864. At his death said fund was
personal estate, and remained so until August 15, 1872. After
the death of Charles W. March, Clement March, the surviving
trustee, being embarrassed, such legal proceedings were had that
it was adjudged by the court that there was due from Clement
March $12,000 on account of the fund; and the temple in Ports-
mouth valued at $4,500, four houses on Cabot street valued at
$7,500, and $500 in money of Clement March's property, was
assigned to Mr. Rollins, trustee, to hold in trust, in fee, with power
to sell the realty, to hold the same in trust, and apply the income
according to the provisions of said legacy. When Susan S. March
St. Clair died, in 1883, it had all been changed into personalty
excepting two houses on Cabot street. When Clement March
died, in 1878, there were four houses on Cabot street not sold, the
temple having been previously burned and the insurance being
invested in personalty. .

*Frink & Batchelder*, for the plaintiffs.

*J. W. Emery*, for Rollins.

*Marston & Eastman*, for the other defendants.

ALLEN, J. Charles W. March, by his will, gave to Clement March $10,000 for the use of his sister, Susan S. March St. Clair, for life, remainder to her children, if any, and if none, then to his niece, Susan Sparhawk Stephens. Mrs. Stephens died in the lifetime of Mrs. St. Clair, leaving no husband and one child, her heir, Charles March Stephens, the plaintiff. Mrs. St. Clair died leaving no husband nor child.

It was evidently the intention of the testator that his niece, Susan Sparhawk Stephens, should take the fund in trust for the use of Mrs. St. Clair, in the event of her death without a child. Having no child at the death of the testator, the estate vested immediately on his death in Mrs. Stephens, subject to be divested on the birth of a child to Mrs. St. Clair. Mrs. Stephens, at any time after the death of the testator, on the termination of the life interest of Mrs. St. Clair without children, would have taken the fund. The fund vesting in Mrs. Stephens, and never having been divested by the birth of a child to Mrs. St. Clair, on her death, the plaintiff, heir to Mrs. Stephens, became entitled to the fund.

Under the will of John Howard March, $12,000 was given to Charles and Clement March in trust to pay the income to Mrs. St. Clair for life, remainder to her children, if any, and if not, to such person or persons as she might appoint. Charles and Clement were made general residuary legatees in the same will. Mrs. St. Clair died leaving no child, and made no appointment of the fund. On her death, therefore, when the trust ceased, the fund fell to the representatives of Charles and Clement March, residuary legatees under the will by which the trust was created, and both of whom died before Mrs. St. Clair. For the general residuary bequest carried with it everything not in terms disposed of, or in the event not well disposed of, and every lapsed legacy. *Mathes* v. *Smart*, 51 N. H. 438, 443; *Tappan's Appeal*, 55 N. H. 317, 324; *Brigham* v. *Shattuck*, 10 Pick. 308, 309; *Clapp* v. *Stoughton*, 10 Pick. 463; *Thayer* v. *Wellington*, 9 Allen 295; *Bigelow* v. *Gillott*, 123 Mass. 107; 2 Jar. Wills 365; 2 Redf. Wills 442; *Helms* v. *Franciscus*, 2 Bland Ch. (Md.) 544; Williams Exr's 1458 and notes; *James* v. *James*, 4 Paige Ch. 115; *Van Kleeck* v. *Reformed Dutch Church*, 6 Paige Ch. 600; *Gore* v. *Stevens*, 1 Dana 201, 206. Charles March made Clement his residuary legatee, to whom, by the same principle, his interest passed; and from Clement, who died intestate, the whole interest, subject to the contingency of the birth of a child to Mrs. St. Clair and to her exercising the power of appointment, passed to his heirs, who, by the law of his domicil, were Mrs. St. Clair and the plaintiff Stephens. At her death, she leaving no child and not having designated any one to take the estate, the plaintiff was entitled to the immediate possession of one half the estate, and as heir of Mrs. St. Clair, by the law of her last domicil, of the other half, if for the purposes of distribution the fund retained its original character of personalty. By the law of New

Hampshire, Frances Freeman was heir of Mrs. St. Clair; and if at her death any part of the fund, for purposes of descent or distribution, was real property, then the defendants, representatives of Frances Freeman, are entitled to Mrs. St. Clair's share of the estate.

The quality of property for purposes of transmission by will or inheritance is not changed from the character in which the testator or intestate has left it, unless there is some clear act or intention by which he has impressed upon it a definite character either as money or land. 2 Sto. Eq. Jur., s. 1214. A bequest of money in trust to be converted into land to be held to the use of one for life, with remainder over, is a devise of the land which takes effect on the death of the testator, though the money has not then been converted; and a devise of land, with power of sale and direction to pay the proceeds to particular persons for particular purposes, is a bequest of the money as a legacy to the persons and for the purposes named. The property passes as land or money according to the quality impressed upon it by the testator. If no intention appears in the will to convert money into land, or if the conversion be made by the direction of the testator, by judicial decree, or by operation of law, for the mere purpose of investment, or for the greater security of the fund, the land is substituted for the fund, and shall go to the same persons, and upon the same contingencies which would have affected the fund had it remained specifically personal estate. *Holland* v. *Cruft*, 3 Gray 162; *Holland* v. *Adams*, *id.* 188; *Oeslager* v. *Fisher*, 2 Penn. St. 467; *Craig* v. *Leslie*, 3 Wheat. 577; Williams Exr's 658; 1 Jar. Wills *584; Per. Tr. 458.

The testator gave the fund as a sum of money to be held in trust for investment, and to pay the income to Mrs. St. Clair for life. No intention can be found in the will that this money should be converted into land and the land at the end of the life estate pass to the person designated then to take it. On the contrary, the intention is plain that the fund should retain the character of personal estate throughout, and that the trustees should then "pay, apply, and dispose of said sum of twelve thousand dollars to such person or persons, and in such way or manner, as the" life tenant by will might appoint. She having failed to appoint, the persons upon whom by law the fund devolved as personalty were entitled to take it, although at the time, for purposes of security, it had been partly converted into land. The decree by which the present trustee holds the property was made for the protection of the fund, and neither changed the purposes of the trust, nor the character or quality of the fund, nor its ultimate destination. For purposes of transmission, on the termination of the trust by the death of the life tenant, it retained the character given it by the testator, and it must pass to the persons who by law would be entitled to take it were it personal estate.

*Decree for the plaintiffs.*

CLARK, J., did not sit: the others concurred.