## CROSBY *v.* CROSBY & a.

| 64 | 77 |
|----|-----|
| 67 | 91 |
| 68 | 210 |
| 64 | 77 |
| 69 | 404 |

A bequest of a sum of money to the children of the testator's brother after the decease of the testator's sister, to whom the use and income are given during life, vests at once on the death of the testator; and if the children die before the sister, the money goes to their representatives.

BILL IN EQUITY for instructions. Franklin Simonds died November 9, 1869, leaving a will containing the following bequests: "To my sister Mrs. Abigail Crosby, the use and income of the sum of three thousand dollars for and during her life." "To the three children now living of my aforesaid brother Otis, said sum of three thousand dollars after the decease of my aforesaid sister, in equal shares." The three children all survived the testator, but died before the sister, Mrs. Abigail Crosby, who died March 4, 1886. The plaintiff was appointed trustee of the fund December 27, 1881, and is ready to deliver the $3,000 to the persons entitled to it. The question is whether the $3,000 goes to the representatives of the deceased children of the testator's brother as a vested interest, or goes back to the testator's estate as a lapsed contingent remainder.

*Gould & Corning*, for the plaintiff.

*Chas. M. Hemenway* (of Massachusetts) and *Davis & Paige,* for the defendants.

CLARK, J.    The bequest to the testator's sister of the use and income of the sum of three thousand dollars, and the bequest of "said sum of three thousand dollars" to the three children of his brother after the decease of the sister, was an absolute gift to the brother's children.    The bequest to the sister was not of the three thousand dollars, but of the use and income of it.    She had no power to dispose of it, or any part of it.    The bequest of the three thousand dollars was to the brother's children.    It was a bequest to them to come into enjoyment at a future day.    The gift was absolute, the time of payment only being postponed.    The legacy for life to the sister and the legacies in remainder to the brother's children took effect and became vested at the same time, the death of the testator.    It is the present right of future enjoyment whenever the possession becomes vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, which distinguishes a vested from a contingent remainder.    4 Kent 206; *Kennard* v. *Kennard,* 63 N. H. 303; *Vandewalker* v. *Rollins,* 63 N. H. 460; *Brown* v. *Brown,* 44 N. H. 281; *Felton* v. *Sawyer,* 41 N. H. 202; *Ladd* v. *Harvey,* 21 N. H. 514; *Wiggin* v. *Perkins, ante* 36.    The representatives of the children of the testator's brother are entitled to the fund.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.