WIGGIN, *Trustee,* v. PERKINS & a.

Ordinarily a testator's intention is to be ascertained from the language of the whole will, rather than from particular words and phrases, especially when it is apparent that certain words are used in a sense different from their legal and technical meaning.

It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which makes the difference between a vested and a contingent interest.

The case is sufficiently stated in the opinion.

*Wiggin & Fuller*, for the plaintiff.

*Leavitt & Knight*, for Adaline Perkins.

*Frink & Batchelder*, for the children of W. O. Perkins.

CLARK, J.   This is a bill in equity by a trustee under the will of William Odlin for instructions as to the disposition of twenty-two per cent. of the trust fund.   The provisions of the will creating the trust are as follows: " Tenth: And all the rest and residue of my estate, whether real, personal or mixed, after the payment of my debts, legacies, funeral charges, &c., I give, bequeath and devise in trust, to a trustee to be hereinafter named; to be held by said trustee for the benefit of my sisters, Elizabeth Perkins and her heirs, and Mary Ann O. Stevens and her children; and for the benefit of my nephews James William Odlin and George O. Odlin and their heirs.   All of said estate to be taken by said trustee, and if not then well invested, then to be well invested in substantial public stocks or in other good obligations bearing interest; and the net interest or income from the same to be divided at least twice in each year among the parties above named, and paid to them or heirs on call in the following proportions, to wit: To my sister Elizabeth Perkins, for and during her natural life, thirty-four per cent. of the whole net income, and on her decease twenty-two per cent. of the same to be paid to her son Woodbridge O. Perkins, and twelve per cent. to her daughter Elizabeth Churchill, and their respective heirs, until the commencement of the year 1885, after which time, the mother, Mrs. Perkins, being deceased and not otherwise, and the said Woodbridge and Elizabeth both desiring it, the said trustee may pay over to them or heirs, their respective portions of the principal as well as interest of said thirty-four per cent., and thus discharge himself from them.   To my sister Mary Ann O. Stevens I give thirty-four per cent. of said net annual income, to be paid to her during her natural life; and on her decease, this income to be equally divided among her children and paid to those who may be of age, and if any are under age, to be deposited for them in some savings-bank till they shall attain their majority.   And after the decease of their mother, and said children shall all have arrived at the age of twenty-one years, and shall unanimously desire said trustee to divide, assign, and pay to each one or heirs their respective parts of the principal of this thirty-four per cent., then he is desired to do so in

the most convenient way and manner.   To my nephew James William Odlin I give sixteen per cent. of said net annual income, and to George O. Odlin I also give sixteen per cent. of said annual net income; to them and their heirs until the year A. D. 1885, at which time and ever after on the written request of the said James W. and George O., or a majority of their respective heirs, made to said trustee to pay to each of them their proportion of the principal of this thirty-two per cent., then it shall be his duty thus to divide and pay the same with all convenient dispatch. And the said trustee may, at the time referred to, 1885, or at any subsequent time, if he so choose, settle this trust account with all the legatees and their heirs herein referred to and pay over to them the entire principal as well as interest of this trust and thus discharge himself from all further responsibility in the matter."

The will was written by the testator, who died August 30, 1863. The question arises as to the twenty-two per cent. of the fund of which the income was to be paid to Woodbridge O. Perkins after the death of his mother until the year 1885.   Elizabeth Perkins, the mother, died several years ago, and after her death twenty-two per cent. of the income was paid by the trustee to Woodbridge O. Perkins until his death, which occurred May 8, 1883. The defendant Adaline Perkins, who is the widow of Woodbridge O. Perkins, and was his wife at the time of the execution of the will, claims that the twenty-two per cent. of the trust fund, of which her husband received the income in his lifetime, is a part of his estate, and that she is entitled to her distributive share of it as such.   The children of Woodbridge O. Perkins, who are also defendants, claim that they are entitled to the fund as legatees under the will of William Odlin, and that it is not a part of their father's estate.   The distribution of the income of the fund to January 1, 1886, has been adjusted in a former proceeding.

Whether the fund in controversy is a part of the estate of Woodbridge O. Perkins depends upon whether Woodbridge O. Perkins took a vested interest under the will; and this is to be determined by the testator's intention ascertained from the language of the will,—not from particular words or phrases alone, but from all the parts of the will taken together.   The intention of a testator may be more clearly indicated by the general tenor of the will than by technical words or particular phrases, especially when, as in this case, an inspection of the will shows that certain words are used by the testator in a sense different from their ordinary legal and technical meaning.   In the clause of the will under consideration the word "heirs" is evidently used as synonymous with "children," regardless of its strict legal signification; and hence, in construing the will, the particular form of expression in which the word is found is of less significance than it would be if the testator's use of words appeared to be technically accurate in every instance.   Was it the intention of the testator that the

interest of Woodbridge O. Perkins should be merely a life interest in the income of the fund contingent upon his surviving his mother, or did he intend to give the income of the fund to Elizabeth Perkins for life, and the remainder to her children, payable after 1885? The bequests to Elizabeth Perkins and Mary Ann O. Stevens, sisters of the testator, are in express terms for life; and it may reasonably be inferred that the bequests to Woodbridge O. Perkins and Elizabeth Churchill, in the same clause of the will, would have been declared to be for life if the testator had intended a bequest of a life interest only. The absence of any limitation of the bequest to them is inconsistent with a purpose to convey merely a conditional life interest. They are placed on an equal footing with the children of Mary Ann O. Stevens and the nephews James W. Odlin and George O. Odlin, who receive absolute bequests. Taking all the provisions of the tenth clause of the will together, it appears to have been the intention of the testator to give to his sisters, Mrs. Perkins and Mrs. Stevens, a life estate in the income of the trust fund, and the remainder after their decease to their children; the income to be divided until 1885, and the principal then to be distributed among them,—the word "heirs," in the phrase "the said trustee may pay over to them or heirs their respective portions of the principal as well as interest," being used in the sense of legal representatives.

The bequest to Woodbridge O. Perkins, to come into enjoyment upon the death of his mother, vested immediately upon the death of the testator, and at his death it devolved to his representatives. It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of enjoyment, which makes the difference between a vested and a contingent interest. 4 Kent Com. 206; *Kennard* v. *Kennard*, 63 N. H. 303; *Vandewalker* v. *Rollins*, 63 N. H. 460; *Brown* v. *Brown*, 44 N. H. 281; *Felton* v. *Sawyer*, 41 N. H. 202; *Ladd* v. *Harvey*, 21 N. H. 514. The interest of Woodbridge O. Perkins in the twenty-two per cent. of the trust fund being a vested interest, his widow is entitled to her distributive share of it as a part of his estate. 2 Jar. Wills (5th Am. ed.) 453.

*Case discharged.*

SMITH, J., did not sit : the others concurred.