GREENOUGH, *Ex'r, v.* CASS *& a.*

When the language of a will is plain and unambiguous, no intention on the part of the testator is to be sought after other than the one so expressed.

BILL IN EQUITY, asking the court to declare whether by the following clause in the will of Ira Noyes, the executor, Gilman Greenough is a legatee, taking equally with the other persons mentioned in the same clause:

"I give and bequeith unto the following persons the remainder of my propity, real estate and personaly to be devided equally between the following persons: Mary J. Bartlett, wife of A. B. Bartlett of Plaistow

Emma M. Cass, wife of C. W. Cass, of Plaistow   The four children of Sister Cogswells of Gilmanton   The four children of Sister Moulton of Plainfield

Ira O. Sawyer, of Haverhill Mass

Marcus, M. Sawyer, of Boston Mass.

Gilman Greenough, whom I hereby appoint sole executor of this my last will and testament hereby revoking all former wills maid by me"

*Wiggin & Fernald*, for the plaintiff.

*Thos. Cogswell* and *H. W. Parker*, for the defendants.

BLODGETT, J.   The third clause of the testator's will gives the remainder of his estate to certain persons equally, and then designates who they are either by name or other sufficient description. Included in this list, and standing last in order, is the name of the plaintiff, followed by the words "whom I hereby appoint executor of this my last will and testament."   The reading of this clause, and especially in the light afforded by a *fac simile* of the will itself, leaves no doubt as to the meaning of its language, which is clear, definite, and concise; and when this is so, the means, both at law and in equity, to collect the testator's intention are the words of the will, free of conjecture.   There is in fact nothing in

the words used or in their collocation which leaves any room for construction or interpretation. The rights of the plaintiff at the end of the list are no different than they would be were his name at the beginning or any other part of the list; and the only argument to the contrary attempted to be made by the defendants is, that if it had been intended to include the plaintiff among the residuary legatees the connective " and " would have been inserted before his name. This argument has little, if any, weight. Without the word " and " the testator's intention is as clearly and legally expressed as it would have been had that connective been inserted. But if not, the case presented by its omission is one of defective expression merely, which the law will rectify. " If words are omitted, they will be supplied." Ram Wills 55, and authorities cited. " A word obviously omitted from a will, and which is necessary to carry out the intention as seen, will be supplied by the court." *Howerton* v. *Henderson*, 88 N. C. 597. Moreover, the argument on this point, if it proves anything, proves too much; for if it was intended that the person next preceding the plaintiff should close the list of legatees, the argument is equally strong and applicable that the connective " and " would have been inserted before that person's name for precisely the same reason the defendants urge against the plaintiff; and hence, upon the defendants' theory, its omission strongly tends to show that it was not the intention to exclude the plaintiff. And this construction is supported also by the fact that the devise is to the following " persons," and not to the following " nephews and nieces," as it naturally would have been had the testator intended to include them only.

Then, again, to exclude the plaintiff, the word " whom " must not only be stricken from the will, although correctly used, but the plaintiff's name must be transposed and inserted after " appoint " in order to make the sentence read naturally, logically, or grammatically. This cannot be done, for while the court may transpose the words of a will, if by such transposition it would express the evident intent of the testator (which in this case it would not), it has no authority to strike out the words of a will which in their connection have a clear and definite meaning, and are correctly used.

Finding no ambiguity whatever in the clause of which construction is prayed for, it is not permissible to go further. As in the interpretation of statutes the cardinal rule is that the plain meaning of words cannot be departed from in search of an unexpressed and unimplied intention, so in the construction of wills " There is no rule of more universal application, both here and in England, than that the plain and unambiguous words of the will must prevail, and are not to be controlled or qualified by any conjectural or doubtful construction growing out of the situation, circumstances, or condition either of the testator, his property, or family."

1 Redf. Wills 429, 430.   If, however, it were permissible to con-
sider these matters, it would doubtless be found on examination
that such of the competent extrinsic facts appearing in this case
as tend to make for the defendants are not of sufficient weight to
overbalance the intrinsic evidence of the will itself.

The plaintiff is a legatee under the third clause of the will.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.