Rockingham,
Dec., 1898.

### THYNG v. LANE & a.

A legacy limited to be paid after the death of persons to whom the use and
  income thereof are given during life, vests upon the death of the testator,
  and descends to the heirs-at-law of an infant legatee who dies during the
  continuance of the life estate.

BILL IN EQUITY, praying for direction in the execution of a
trust.   Facts found by the court.

Theodore Moses, deceased, left a will containing the following
provision : " I give and bequeath to my son William P. Moses
the interest and income of six thousand dollars, to have and to
hold for and during his natural life, and after his decease to be
held and enjoyed by his widow, if he should leave one, so long
as she shall remain his widow, and after the death of the said
William and the death or marriage of his widow, I give and
bequeath said six thousand dollars to the children of the said
William and the legal representatives of such as may be dead,
to be equally divided between them, giving to the legal repre-
sentatives of any deceased child the same share to which such
deceased child, if living, would be entitled."   In substantially
the same terms, he gave to his son Theodore, and his widow
and children, shares of stock in a corporation and $4,000; to
his son John and his widow and children, $10,000; to his daugh-
ter Abigail and her children, $4,000 ; to his daughter Elizabeth
and her children, a lot of land and $3,000; and to his daughter
Mary and her children, $3,000.   The terms of limitation in
respect to the land and money given to Elizabeth and her chil-
dren are as follows: " To have and to hold the same for and
during her natural life, free from the control and interference of
her husband, and after her decease " to her children, etc., as in
the case of William.   He gave to his son Charles certain real
estate, " to have and to hold during his natural life, and after
his decease to be held and enjoyed by his widow," etc., sub-
stantially the same as in the case of William, but with this ad-
dition,— " the said children to come into possession of said
premises after the termination of the estates herein bequeathed
to the said Charles and his widow."   The residue of the estate
was given in equal shares to the children.   The executors were
appointed trustees to hold the portion of the estate that was left
after the payment of debts, expenses of administration, and
legacies not mentioned above, and to " pay the interest and in-
come thereof to said legatees as hereinbefore provided, and
after the death of the legatees for life, to pay the principal to

their children as hereinbefore provided," and to pay the surplus, if any, to the testator's children in equal shares.

The plaintiff is sole trustee under the will. Elizabeth is the only child of the testator now living. William died in 1863 (since the death of the testator), leaving a widow, Abby, and one child, Eugenia, who died in 1890, unmarried and without issue. Abby died testate in 1896. The defendants, Hannah Hoyt and Susan B. Hills, are executrices of and residuary legatees under Abby's will. The other defendants are heirs of the testator. Direction is asked in relation to the disposition of the fund bequeathed to William and his widow, etc.

*Arthur O. Fuller*, for the plaintiff.

*Eastman & Young*, for Hannah Hoyt and Susan B. Hills.

*Hall & Hall, Sargent, Hollis & Niles, John Kivel*, and *George T. Hughes*, for the other defendants.

CHASE, J. A consideration of the will as a whole leaves the impression that the general plan of the testator was to set apart a portion of his property for the benefit of each one of his children and the child's issue, with certain limitations upon its use; or, in other words, to give a portion of the property to the children of each child (his grandchildren) and the legal representatives of such as should die, subject to the right of their parents to have the use of it during life. The words looking to the future,— " after the death of the said . . . and the death or marriage of his widow," — apparently relate to the time when possession of the property was to be taken instead of the time when the right to the property was to arise. If this be so, the grandchildren's interests became vested upon the death of the testator. *Brown* v. *Brown*, 44 N. H. 281; *Kennard* v. *Kennard*, 63 N. H. 303, 309; *Wiggin* v. *Perkins*, 64 N. H. 36; *Hall* v. *Wiggin*, 67 N. H. 89, 91.

A consideration of particular provisions of the will strengthens this impression. The portions of the personal property specifically bequeathed to the children and grandchildren were placed in the possession of trustees, who were to pay the income to those having the life interests during their lives, and " after the death of said legatees for life to pay the principal to their children as hereinbefore provided." This tends to show an intention that the grandchildren's interests should vest upon the testator's death, although they were not to have the principal of the trust funds until after the death of the legatees for life. Similar forms were used to express a like purpose in *Crosby* v. *Crosby*, 64 N. H. 77, and *Benton* v. *Benton*, 66 N. H. 169.

The words of limitation used in the devises of real estate to Elizabeth and Charles are apt words to convey life interests to them and vested remainders to their children and the representatives of deceased children. In the case of Charles, it is provided that his children are "to come into possession of said premises after the termination of the estates herein bequeathed to the said Charles and his widow,"— clearly implying that the rights of the children came into being previously and were unconditional. If the intention had been to have the right in the property and the right to its possession arise at the same time and depend upon the same conditions, the matter of possession would not have been singled out and made the subject of a special provision. The uniformity in the form of expression adopted for devising both real and personal estate shows that the intention was the same in respect to both. In fact, in the case of Elizabeth, the testator joins real and personal property in one devise, applying his language to both kinds of property indiscriminately.

It is argued that the fact that the testator expressly limited the interest of William's widow to her life shows that he did not intend she should have a greater interest under any circumstances. It is true that he did not intend she should acquire a greater interest directly from him, but he did not undertake to interfere with the operation of the laws of descent upon the property after it had vested. Upon the death of Eugenia, Abby became the owner of the six thousand dollars, not by virtue of any bequest directly to her, but by descent from Eugenia, to whom it was given by the will.

*Case discharged.*

WALLACE and YOUNG, JJ., did not sit : the others concurred.