Rockingham, }
Oct. 1, 1912. }

GARDNER, *Guardian,* v. O'LOUGHLIN, *Trustee,* & a.

Where a will directs that the income of a trust fund shall be expended for the support and maintenance of a son of the testatrix, as the trustee "shall deem judicious and proper," the right of the beneficiary to receive the benefit of any part of the income is dependent upon the discretion of the trustee; but such discretionary power is not to be exercised in an arbitrary or unreasonable manner, and is subject to judicial revision.

In such case, the varying circumstances of the beneficiary are properly taken into account in determining the amount of aid which should be afforded him from time to time, and reasonable expenditures may be made for the benefit of his wife and minor children, in accordance with the general intention of the testatrix.

BILL IN EQUITY, by the guardian of Ivan D. Jenness against O'Loughlin as trustee under the will of Ivan's mother, for an order requiring the trustee to pay to the plaintiff a part of the income of the trust estate for the benefit of Ivan and his family. Transferred from the January term, 1912, of the superior court by *Wallace,* C. J.

By the will, the trustee was directed "to use from time to time, as he shall find necessary or proper, the net income and interest" of the estate "for the support, care, and maintenance of my said son Ivan, so long as he shall live." The will also provided "that said income be applied for the sole benefit" of Ivan "by my said trustee, as he shall deem judicious and proper." Ivan is now insane, and his wife and two minor children are in destitute circumstances. Although requested by the plaintiff, the defendant refused to advance from the income in his hands money for the support of the wife and children, or for the payment of certain claims against the ward's estate, without an order of the court.

Upon a hearing in the superior court, it was ordered that the trustee pay to the plaintiff the sum of fifty dollars for the support of Ivan's family, and that he pay the net income from the trust fund to the plaintiff for the payment of certain debts found due from the ward's estate and also for the support of the ward and his family. To this order the trustee excepted.

*Eastman, Scammon & Gardner (Mr. Gardner* orally), for the plaintiff.

VOL. LXXVI. 31.

*Bartholomew A. Brickley* (of Massachusetts), by brief and orally, for the trustee.

*John J. O'Hara* (of Massachusetts), *Kelley & Hatch*, and *Page, Bartlett & Mitchell*, for other defendants.

WALKER, J. The will authorized the trustee to expend the income of the trust fund "as he shall find necessary or proper," for the "support, care, and maintenance of my said son Ivan, so long as he shall live," or, as otherwise expressed, the income is to be applied "for the sole benefit of my said son Ivan, from time to time, by my said trustee, as he shall deem judicious and proper." The right of Ivan to receive the benefit of the income or any part of it was made dependent upon the discretion of the trustee. If in the exercise of a reasonable discretion the trustee found that it was not "necessary or proper," under the circumstances, to use the income for the benefit of the testatrix's son, it could not be so used. This was the clear intention of the testatrix. But she did not intend to invest the trustee with an arbitrary and unreasonable discretion, beyond the reach of judicial revision.

Nor is it reasonable to infer that the son's varying circumstances in life were not to be taken into account by the trustee in deciding what aid should be afforded him from time to time. In case he married and became the head of a family, she must have anticipated that his needs would not probably be the same as while he remained single. She must have known that such a change in his circumstances would also make a corresponding change in what he would require for his comfort and support, for which she wished to provide to some extent. It is hardly conceivable that she intended to exclude such evidence from the consideration of the trustee in the exercise of his discretion, or to exclude entirely from the benefits of the trust her son's wife and children. Their enjoyment of such benefits might be found to be "for the support, care, and maintenance of my said son," within the meaning of the will. The trustee's position, therefore, that he is not authorized to pay over any of the money for the immediate support of Ivan's family, based as it is upon a narrow, restricted use of the words of the will, cannot be sustained. They do not require such a construction; and the very great improbability that they were used in that sense is convincing evidence that the testatrix's intention would be defeated by adopting that construction.

The order of the court instructing the trustee to pay to the guardian the sum of fifty dollars for the support of Ivan's family and a certain other sum for the payment of several bills against Ivan's estate, which were incurred for his special benefit or that of his family, was evidently based upon a view of the law similar to that above expressed and upon a finding that a refusal of the trustee to make the payments specified in the order would be an abuse of his discretion under the circumstances disclosed at the hearing. The fact that the trustee refuses to make these payments without an order of the court, whether due to an erroneous view of his authority under the will or to an arbitrary exercise of discretion on his part, authorized the court to make the order, which it must be assumed the condition of the beneficiary seemed to require.

The objection that the suit should have been brought in the name of the ward by his guardian is a mere technicality which it is unnecessary to discuss, since the plaintiff expresses a willingness to obviate the objection by an amendment.

*Exception overruled.*

All concurred.