Hillsborough, }
March 4, 1913. }

JULIUS WOLFMAN *v.* CLEON L. WEBSTER, HENRY W. WEBSTER, *Tr.*

Where a trustee is directed to expend the income of the estate as he shall deem most beneficial to the *cestui que trust,* he is not chargeable in an action of foreign attachment brought to recover a debt contracted by the beneficiary, in the absence of evidence that his refusal to pay the claim was unreasonable or constituted an abuse of the trust.

FOREIGN ATTACHMENT. Issue between the plaintiff and the trustee, who holds certain funds as a trustee under the will of Amos Webster, for the benefit of the defendant, a son of the testator. The plaintiff seeks to charge the trustee on account of these funds. The case was tried by the superior court (*Mitchell,* J.), and upon the facts hereinafter stated the trustee was ordered discharged, subject to the plaintiff's exception. Transferred from the January term, 1912, of the superior court.

The testator bequeathed to the trustee for the benefit of the defendant certain property "for the following purposes, viz: to pay over the net income of said property to my son, Cleon L. Webster, during his lifetime, in such sums and at such times as said trustee shall deem most beneficial to him. If by reason of my son's physical or mental condition the income of my said property in said

trustee's hands is not sufficient to properly and comfortably support him, then said trustee is hereby authorized to expend, in addition to said income, so much of the principal as may be necessary to carry out the provisions and intention of this section, hereby giving and granting unto said trustee full authority to sell and convey said real estate, if in his judgment it shall be for the best interest of my son so to do. . . . And it is expressly stipulated, and said trustee is charged to see to it, that no portion of the income to be used for my said son is to be used to pay any bill contracted by said son, nor is said income to be so chargeable." In a codicil to his will, the testator directed the trustee "to pay the net proceeds of the property left to him in trust for my said son or for his benefit in monthly instalments. In the seventh article of said will, in charging my said trustee to charge my estate with no bills contracted by my said son, my intent was and is to say, no bill contracted by my said son prior to my decease."

The defendant gave the plaintiff an order upon the trustee to pay the debt in suit; but the trustee, in the exercise of his discretion under the will, declined to accept the order and refused to pay the debt. The court found that the trustee properly exercised his discretion in this respect.

*Doyle & Lucier*, for the plaintiff.

*George B. French*, for the trustee.

WALKER, J. It is very apparent from the language of the will and codicil that the testator intended to vest in the trustee a discretion as to the amounts of the several monthly payments to his son and the times when they should be made, guided by what he should deem "most beneficial" to the son, but under no circumstances was he to pay any debts of the latter contracted prior to the death of the testator. Upon the assumption that the trustee was authorized to pay debts contracted by the son after the testator's death from the income, it is not probable that he was to pay them without regard to the needs and comfort of the son. It is not probable that the testator, who was attempting to protect his son from his own improvidence, intended to practically defeat that purpose by ordering the trustee to pay unconditionally all such debts as they became due, if he had sufficient income in his hands for that purpose. Upon such a construction of the will, both the

income and the principal might be dissipated by the son's contracting unnecessary and improvident debts. This result is so inconsistent with the manifest 'general purpose of the testator, that the will cannot be so construed if his intention is to prevail. As there is no evidence that the trustee unreasonably refused to pay the plaintiff's claim or is in any respect guilty of an abuse of the trust with reference to it (*Gardner* v. *O'Loughlin*, 76 N. H. 481), his refusal to recognize the debt was justifiable as an exercise of his discretionary power, and the ruling of the superior court discharging the trustee was therefore correct. *Brock* v. *Sawyer*, 39 N. H. 547; *Banfield* v. *Wiggin*, 58 N. H. 155; *Chase* v. *Currier*, 63 N. H. 90.

*Exception overruled.*

All concurred.