Hillsborough, }
March 6, 1923. }

### EDITH M. FLANDERS v. WALTER M. PARKER & a.,
### Trustees & a.

One who occupies no fiduciary position under a will is not entitled to maintain a bill in equity for its construction.

Where there is no uncertainty as to the right of enjoyment of a legacy and the right of possession only is deferred until an event occurs which must happen, the bequest passes to the personal representatives of a deceased legatee in the absence of any expression of a contrary intention in the will.

Where a bequest of personalty is absolute and is followed by a provision that "all bequests herein . . . are inalienable either by assignment or any other proceeding or process," the provision is void as a restraint upon alienation.

BILL IN EQUITY, for a construction of the will of Noah S. Clark, who died April 15, 1910.

The plaintiff Edith M. Flanders is the daughter, and Dana E. Clark the son of Edward W. Clark, who was the son of Noah. By the first four items of his will Noah gave to his wife and each of his three children stock in various corporations and $10,000 in cash. The items 5 to 16 inclusive are similar gifts to others. Item 17 appoints three trustees, of which his wife is one. Items 18 to 24 contain gifts to these trustees for sundry purposes.

Articles 25 and 26 of the will are as follows:

"25th. I give, bequeath and devise all the rest, residue and remainder of the estate of which I may die possessed, real, personal and mixed, wherever situate and however found, to my said trustees, in trust, for the following purposes: to pay during the life of my said wife Eliza A. Clark from the net income thereof, all insurance and repairs upon the premises No. 1725 Elm street in said Manchester, as she may direct, and the balance of said net income, to her the said Eliza A. Clark, quarterly or as it may be received by said trustees, and should the same be insufficient to support my said wife in the manner we are now living, then said trustees shall pay to her such part of said rest, residue and remainder as may be necessary for that purpose. On the decease of my said wife, I appoint The Manchester Safety Deposit and Trust Company a trustee in her place and my said trustees shall then transfer and pay, to my son Edward W. Clark one-eighth of said rest, residue and remainder, then remaining, one-eighth to each of my daughters Clara C. Matthews and Helen C. Phillips, one-eighth to my nephew George M. Clark, and one-eighth to my nephew Charles C. Clark. The net income

of the remaining three-eighths my said trustees shall pay in equal shares, semi-annually, or as it accrues to my grandchildren Edith M. Clark, Irene Matthews and Elmer C. Matthews, the share of the parent to be paid to the children in equal shares, should any of the grandchildren aforesaid die leaving issue, until the youngest of the three, or the survivors of the three, shall reach the age of thirty-eight years, when the said three-eighths shall be divided equally among the survivors of the three and the heirs of any of the three deceased, said heirs taking only the share of the deceased.

26th. There shall always be three trustees, during the continuance of any trust herein established, and said trustees are hereby authorized to sell and convey the whole or any part of the said trust properties, original or substituted, either at private sale or public auction, without license from the court, and to invest and re-invest, in their names as trustees, the funds from said sales in such securities and properties as are legal investments for savings banks under the laws of Massachusetts. A majority of said trustees shall decide all matters in the business of said trustees under this will and any codicil thereto and the dissenting trustee shall join in signing any instrument required to carry said decisions into effect. Said trustees shall not in any case make payments to any beneficiary in anticipation of the receipt by said trustees of the income to be applied to said payments and all bequests herein to wife, children and grandchildren are inalienable either by assignment or any other proceeding or process. The expense of maintaining each trust under this will or any codicil thereto shall be borne out of the income of said trust fund and in no case shall the income of one trust fund be applied to pay the expense, or any part thereof, of any other trust fund."

The trustees have accepted the trusts and are executing them. The testator's widow is still living. Edward W. Clark died July 21, 1920, leaving a will making his widow Laura F. Clark residuary legatee. The defendant John B. Cavanaugh is executor of Edward's will and has caused the one-eighth interest to be inventoried as part of Edward's estate and asks the advice of the court as to his duty in the premises. The said Edith and Dana E. Clark claim that under Noah's will the one-eighth interest in the residuum of Noah's estate upon the death of Edward passed to them as sole heirs of Edward. The residuum of the estate in the hands of the trustees amounts to $600,000.

Transferred without a ruling by *Marble*, J., from the January term, 1922, of the superior court.

*Warren, Howe & Wilson,* for Edith M. Flanders.

*Albert Terrien* (by brief and orally), for Dana E. Clark.

*John B. Cavanaugh* and *Tuttle, Wyman, Burroughs & Starr (Mr. Wyman* orally), for Laura F. Clark and the executor of Edward W. Clark.

PARSONS, C. J.   Neither the plaintiff Edith M. Flanders nor her co-heir Dana E. Clark occupies a fiduciary position which entitles them for their protection to the prospective decision of questions which may hereafter arise and they cannot maintain this proceeding. *Ross* v. *Church,* 77 N. H. 592.   The trustees under Noah's will do not now need the advice of the court and they do not ask for it. There is no occasion for action by the trustees under Noah's will until after the death of his widow.   "It is within the province of courts to decide upon the rights of parties as they exist in the present, but it is not within their province, nor will they assume jurisdiction, to decide in advance what such rights may be in the future." *Gafney* v. *Kenison,* 64 N. H. 354.   Moreover the duty of distributing the residuum is not placed with the present board, for at the death of the widow the will appoints a trustee in her place.   Upon the board as then constituted the duty of distribution devolves.   That board may regard the question as too trivial to occupy the attention of the court.   Cavanaugh, executor of Edward's will, says he wishes to be advised.   The occasion for such advice is not apparent.   He has already acted without waiting for the direction of the court.   He has inventoried the interest as part of Edward's estate.   It is not clear that he has occasion to do more until the time for collection arrives. But the case has been fully presented and the right of Cavanaugh as executor to be protected from annoyance by the further assertion of a baseless claim seems under the circumstances sufficient to authorize the announcement of the opinion of the court thereon.   *Day* v. *Washburn,* 76 N. H. 203.

The interest of the legatees of the one-eighth parts of the residuum of Noah's estate under the 25th clause of the will vested at the death of Noah, there being no uncertainty as to their right of enjoyment, the right of possession only being deferred until the death of his widow, and upon the death of either before the time of distribution arrived, the bequest passed to the personal representatives of the deceased legatee in the absence of the expression of a contrary in-

tention in the will.    *Abbott* v. *Lewis*, 77 N. H. 94, 97; *Hall* v. *Wiggin*, 67 N. H. 89, 91; *Snow* v. *Durgin*, 70 N. H. 121; *Crosby* v. *Crosby*, 64 N. H. 77; *Wiggin* v. *Perkins*, 64 N. H. 36, 39; *Kennard* v. *Kennard*, 63 N. H. 303.  The gift of personalty to the testator's children by this clause was absolute, equally with the gifts to them in the 2nd, 3rd, and 4th clauses as to which they had the immediate right of enjoyment.  The language upon which the present controversy is based, found in the 26th clause of the will, "all bequests herein to wife, children and grandchildren are inalienable either by assignment or any other proceeding or process," applies equally by its terms to the gifts in each of the four clauses.  "Any provision restraining the alienation, voluntary or involuntary, of an estate in fee simple or an absolute interest in chattels real or personal, whether legal or equitable, is void."  Gray, Restraints on Alienation, *s.* 279 A (*p.* 192); *Ib.*, ss. 27, 105; *Edgerly* v. *Barker*, 66 N. H. 434, 454; 40 Cyc. 1713. The cases *Wolfman* v. *Webster*, 77 N. H. 24; *Gardner* v. *O'Loughlin*, 76 N. H. 481, have no application.  In them the legatee's right was not absolute but dependent upon the discretion of a trustee.

If as the language indicates, the testator intended to create in the legatees an absolute inalienable estate, he intended an illegal and impossible estate and his intention cannot be given effect.  *Hayward* v. *Spaulding*, 75 N. H. 92; *Edgerly* v. *Barker*, 66 N. H. 434; *Burleigh* v. *Clough*, 52 N. H. 267, 271.  But as effect must be given to the testator's intention if possible although the language of the will implies an intent to create an estate not permitted by law, if from the whole will a purpose to create an estate within legal limits can be found, effect will be given to the testator's intent so far as it is legal. *Edgerly* v. *Barker, supra.*

The testator intended to benefit his children.  The attempt to secure the gift in their hands by prohibiting its alienation is evidence in addition to the gift itself.  It is not probable he would not have made the gift if he had understood the restraint he undertook to impose upon it could not be given effect.  It is of no importance, however, as to these eighths whether the gift fails because of the illegality of the condition imposed.  If the gifts failed, so much of the estate would be undisposed of by the will and Edward as heir to one-third would be entitled to one of the three-eighths.  This right would vest at Noah's death subject to the widow's life interest and at Edward's death pass to his representatives.

The plaintiffs contend that the clause forbidding alienation transforms Edward's apparently absolute estate in one-eighth of the

residuum into a life estate with a remainder or limitation over to his heirs. No authority is cited in support of this claim.

"Every person of the age of twenty-one years, of sane mind, may devise and dispose of his property, real and personal, and of any right or interest he may have in any property by his last will in writing." P. S., c. 186, s. 1.

"The personal estate of a person deceased not bequeathed . . . shall be distributed . . . in equal shares" "to the children of the deceased." P. S., c. 196, s. 6, and s. 1.

If Edward at his death had any right or interest in the one-eighth of the residuum given him by the 25th clause of Noah's will it passed by his will by force of the statute. The plaintiffs can take no part of the estate of Edward by force of the statute of distributions because under that they are entitled as children of Edward to share only in a distribution of "the personal estate . . . not bequeathed," and Edward's will bequeathed all of his estate.

If the plaintiffs can take anything they can take only because Noah's will gives it to them. They must take by purchase under Noah's will and not by descent from Edward.

If the words, "all bequests herein to wife, children and grandchildren are inalienable either by assignment or any other proceeding or process," could be construed to express an intention that the eighth interest bequeathed to Edward should terminate upon his death or if to effectuate the expressed intention it should be necessary to so construe the language, there is no expression of any intention that the eighth part should then go to Edward's children. If Noah had intended Edward's interest should be so terminated and had used language expressing such intention he could have made such further disposition of the eighth as he pleased, he could have given it to the daughters or to the charitable organization mentioned in the 16th clause. He could have given it to Edith or to Dana or to both of them. But he gave it to none of them. Under the will assuming Edward's title did not survive his death, the missionary society has just as good a title to the eighth as these plaintiffs have, which is none at all, because no intention to give it to them is expressed by the will. If the intention claimed had been entertained it would have been expressed in apt words. *Benton* v. *Benton*, 66 N. H. 169.

"The construction of the will is the ascertainment of the testator's expressed intention, — what he meant by what he said." *Stratton* v. *Stratton*, 68 N. H. 582, 585. As no language can be found in the

will expressing an intention that the plaintiffs should have the eighth after Edward, the plaintiffs fail.

The executor Cavanaugh is advised that the plaintiffs' claim is without foundation.

*Case discharged.*

YOUNG, J., was absent: the others concurred.