Strafford,
June 27, 1913.

DWIGHT HALL, *Adm'r*, *v.* CAROLINE M. HARVEY *& a.*

Where a will empowers the executor named therein to distribute the residue of the estate among educational, benevolent, and charitable institutions "as he shall in his absolute discretion think fit," and in terms constitutes him the sole judge as to what institutions shall be benefited and the amounts they shall receive, the trust reposed in him is personal; and in the event of the decease of the designated trustee during the lifetime of the testatrix, the legacy to him lapses and the proceeds thereof must be administered as intestate estate.

BILL IN EQUITY, for instructions as to the execution of a will. Transferred without a ruling from the February term, 1913, of the superior court by *Plummer*, J.

*Dwight Hall*, administrator, *pro se.*

WALKER, J.   This is a bill in equity for instructions.   The plaintiff is the administrator with the will annexed of the estate of Caroline M. Martin, who died September 5, 1910, testate.   George W. Benn, nominated as executor in the will, died August 31, 1910.   By the last clause of the will, the testatrix gave "all the rest, residue, and remainder of my estate, real, personal, and mixed, to George W. Benn, of Dover, N. H., as he shall in his absolute discretion think fit, to give to and bestow upon Protestant benevolent, educational, and religious institutions; and it is my direction and meaning that the said George W. Benn shall be the sole judge as to what institutions shall be benefited hereby and in what amounts they shall be benefited."

The question presented relates to the disposition of the residue in view of Benn's decease.   It is clear that the testatrix intended to leave to the absolute determination of Benn the selection of the particular institutions of the kinds mentioned that were to be benefited by her bequest.   No other method of selection is suggested in the will.   It was a personal trust which she desired to repose in her designated trustee.   It was not her intention, so far as the will shows it, that the discretion reposed in Benn should be exercised by some one else appointed by the court as his successor.   The result is that the legacy in trust to him lapses, and the proceeds thereof must be disposed of as intestate estate.   The administrator is so advised.

*Case discharged.*

All concurred.