Strafford,   }
May 4, 1920. }

### WALTER CARLTON *v.* HARRY P. HENDERSON, *Trustee & a.*

Devise to A in trust to pay the income to B "and any part or the whole of the principal to be paid . . . at the discretion of" A. A, having declined the trust, a successor to the trust appointed by the probate court should pay the income to B, but is not authorized to exercise the discretionary power conferred upon A as to payments of the principal.

In a residuary bequest to the legatees in proportion to the amounts already "given to them" the several portions of the remainder are subject to the same conditions and limitations as the bequests to which they are added.

BILL IN EQUITY, involving the construction of the will of Cora C. Furber. Henderson was appointed by the probate court under clause four of the will as trustee in place of Edward E. Carlton who declined the trust. That clause is as follows: "I give to my brother Walter Carlton of Alton, New Hampshire, the sum of ten thousand (10,000) dollars in Trust with said Edward E. Carlton of Springfield, Mass., the income thereof to be paid to said Walter Carlton as it accrues, and any part or the whole of the principal to be paid to said Walter Carlton at the discretion of said Edward E. Carlton, and at the decease of said brother, Walter Carlton, I give and bequeath the remainder of said trust fund, if any, to my nephew Walter E. Carlton of said Dover." The trustee submits the following questions: Does he have the same discretion as to the payment of the principal which the will gives to the trustee named? If not, is he to pay from the principal to the life-beneficiary of the fund only on judicial orders?

The residuary clause of the will provides that "All the rest . . . of my property . . . I give, bequeath and devise unto the legatees of this will, (excepting the said trustees of Pine Hill Cemetery) in proportion to the amount already given to them, their heirs, and assigns forever." The executors submit the following question: Is the share of the residuary estate which will be payable under clause fourth subject to all the terms and provisions of the clause, and if not, in what way is it modified?

Transferred without a ruling from the September term, 1919, of the superior court by *Allen,* J.

*Samuel S. Parker* and *Smart & Smart,* for the plaintiff.

*Dwight Hall,* for the defendants.

PEASLEE, J.  The primary inquiry here, as in the case of all wills, is what intent was expressed by the language used by the testatrix. No evidence was introduced and the case stands upon the language of the will. It is argued on behalf of Walter Carlton that the will gives the principal of the trust to him, independent of any decision to that effect by Edward. But a critical examination of the paragraph in question fails to produce any evidence to sustain the contention. The principal of the bequest goes either to Walter or to Walter E. In order for it to go to the former, Edward must pay it over, being moved thereto by the exercise of his "discretion." No other test or standard to determine that it shall be so paid is stated in the will. There is nothing to suggest what test should be applied were some one other than Edward to now attempt to administer the power.

The case is not distinguishable in principle from *Hall* v. *Harvey*, 77 N. H. 82. In that case there was a bequest to a trustee to bestow upon protestant religious and charitable institutions "in his absolute discretion"; he to "be the sole judge" what institutions should benefit, and in what amounts. The trustee died before the testatrix; and in holding that the legacy had lapsed the court said: "It is clear that the testatrix intended to leave to the absolute determination of Benn the selection of the particular institutions of the kinds mentioned that were to be benefited by her bequest. No other method of selection is suggested in the will. It was a personal trust which she desired to repose in her designated trustee. It was not her intention, so far as the will shows it, that the discretion reposed in Benn should be exercised by some one else appointed by the court as his successor." *Ib.* 83.

The facts that in the will under consideration in *Hall* v. *Harvey* the discretion is described as "absolute" and the trustee as the "sole judge" when and how to act, do not differentiate that case from this. In the present instance discretion is made the test; and, no limit thereon being found in the will, the unlimited discretion is necessarily absolute. And so of the expression that the trustee is to be "the sole judge." If he were not the sole judge his discretion would not be the test for action and the will would be nullified. These elaborations of the statement of the power given to Benn added nothing to it, and their absence in the present case takes nothing from the power given to Edward.

The test and the only test provided by the testatrix for determining that the principal should go to Walter is the discretion of

Edward. Unless and until that is exercised favorably to him, Walter can take no part of the principal. Whether, after having declined the general administration of the trust, Edward could now exercise the discretion given by the will and direct payments from the principal to Walter, is a question which is not presented by the case and has not been considered.

The residue of the estate is given "unto the legatees of this will . . . in proportion to the amount already given to them." The use of the word "given" here indicates a purpose to include all who benefit by the will. *Petition of Carlton, ante*, 48, 50. The fourth clause gives the principal of the trust fund to Walter, if Edward in his discretion pays it over, and any remainder is given to Walter E. No reason appears why Walter E. is not to be treated as a "legatee" to whom something is "given" by this clause.

The executors are advised that the share of the residue going to the takers under the fourth clause is to be paid by them to the trustee who has been appointed to succeed Edward. The trustee is advised that he is to retain the principal both of the original $10,000 and of this share of the residue, and pay over the entire income to Walter.

*Case discharged.*

WALKER, J., dissented: the others concurred.