# Thackara *versus* Mintzer.

The creation of a spendthrift son trust in due and legal form exempts the income of the beneficiary in the hands of the trustee from attachments to enforce the payment of alimony decreed against said beneficiary in proceedings for divorce a mensa et thoro instituted against him by his wife.

March 21st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas, No. 2 of *Philadelphia county:* Of January Term 1882, No. 243.

Attachment sur judgment by Eleanor J. Mintzer by her next friend Sabia Chester against George W. Mintzer, defendant, and Alexander Thackara, surviving trustee and executor under the will of William G. Mintzer, deceased, garnishee.

On the trial of the cause the following facts appeared: William G. Mintzer by his will bearing date April 24th 1869 and subsequently duly admitted to probate bequeathed various legacies and further provided as follows:

"*Item.*—I do give, devise and bequeath to my said executors, hereinafter mentioned, all the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever the same may be, to hold to them, my said executors and the survivor of them, in trust for the following uses and purposes, and for no other use, intent or purpose whatsoever, that is to say: In trust to let, lease and demise the real estate, and keep invest-

ed the personal estate in bond and mortgage, or some other safe
and substantial securities, and to collect and receive the rents,
interest, income and profits thereof; and out of the said income
shall pay all the expenses necessarily incurred in keeping the
said real estate in good order and repair, and all taxes and law-
ful charges that may be assessed or levied as well upon the
said real estate as the said personal estate, and also pay all
expenses attendant upon the collection of the said rents and
income, and shall pay over and distribute the net-income of the
estate, real and personal, as follows :   One-third part thereof to
my son, George Washington Mintzer, for and during all the
term of his natural life."

Testator further directed the remaining two-thirds of the
net-income as aforesaid to be equally distributed between his
two daughters and further made disposition of the corpus of
his said estate after the death of his said children.

Testator further provided as follows :

"*Item.*—It is expressly my will that the income which I
have hereinbefore directed to be paid to my children respective-
ly is to be for their respective, sole, separate and exclusive use
and benefit (my daughter's shares to be in no way liable for the
debts, or subject to the control of any husband that either of
them may take), so that the same shall not be in any manner
pledged, appropriated, disposed of or parted with by anticipa-
tion, or before the same shall have accrued and become payable,
nor be subject to execution, attachment or sequestration for any
debts or liabilities whatever."

He further nominated his friends Samuel W. Thackara and
Alexander Thackara as his executors and trustees. The said
Samuel W. Thackara afterwards died. The plaintiff Eleanor J.
Mintzer was the wife of the testator's son George W. Mintzer.
In 1876 said plaintiff instituted proceedings in divorce against
her said husband, and in 1881 obtained a divorce a mensa et
thoro with alimony at the rate of $90 per month. The said
alimony being unpaid plaintiff issued the present attachment
against that portion of the net income of William G. Mintzer's
estate due and owing to George W. Mintzer. The garnishee
admitted that he had in his hands the sum of $795.64 due to
said George W. Mintzer, but denied that the same was under
the terms of testator's will liable to be attached.

The court instructed the jury to find for the plaintiff sub-
ject to the point reserved whether the fund in the hands of the
garnishee was properly subject to the attachment. Verdict ac-
cordingly. Subsequently the court entered judgment for the
plaintiff on the point reserved, whereupon the garnishee took
this writ, assigning for error the action of the court in enter·
ing judgment for the plaintiff on the point reserved.

[Thackara v. Mintzer.]

*John G. Johnson* (with whom was *W. A. Manderson*), for the plaintiff in error.—The trust created by the will of William G. Mintzer, and the protection of the income to his children from liability for the payment of debts is such as has always been sustained in this state, and the decisions have been uniform form: Fisher *v.* Taylor, 2 Rawle 33; Holdship *v.* Patterson, 7 Watts 547; Ashhurst *v.* Given, 5 W. & S. 323; Vaux *v.* Parke, 7 W. & S. 19; Eyrick *v.* Hetrick, 1 Harris, 491; Brown *v.* Williamson, 12 Casey 339; Girard Trust *v.* Chambers, 10 Wright 485; Barnett's Appeal, 10 Wright 392; Shankland's Appeal, 11 Wright 113; Rife *v.* Geyer, 9 P. F. S. 393; Keyser *v.* Mitchell, 17 P. F. S. 473; Overman's Appeal, 7 Norris 283.

The testator has declared, as clear as words could express his intention to secure to his children, for their sole and exclusive use, that portion of the income of his estate directed to be paid to them free from all liability for any debts, and in so doing used words general and comprehensive in their meaning.

The mere fact that the plaintiff's claim was for alimony gives her no peculiar right.

*Albert B. Guilbert* (with whom was *Daniel Dougherty*), for the defendant in error.—It was not the intention of the testator to exempt the income of the estate from attachment in a case like the present. His design was to protect it from the debts of the cestui que trust but to provide for his family during his life. An intention, even if expressed, to exempt an income payable to the cestui que trust from liability for the support of his family would be contrary to the policy of the law: Earp's Appeals, 25 P. F. S. 119; Sidney *v.* Sidney, 17 L. T. (N. S.) 9. The accumulated or accrued income in the hands of the trustee became the absolute property of defendant and was liable to attachment: Pope *v.* Elliott, 8 B. Monroe 56; Claydon *v.* Finch, L. R. 15 Eq. 266. The Act of February 26th 1817, § 1, provides that the court may award alimony to be paid by the husband out of " the annual profit or income of his estate."

The cases settling the law in regard to spendthrift son trusts nowhere indicate any different doctrine than that here claimed to be the true one. To the same effect are the cases in other states: Hill *v.* McRae, 27 Ala. 175; Pope *v.* Elliott, 8 B. Monr. 56; White *v.* Thomas, 8 Bush 661; Braman *v.* Stiles, 2 Pick. 464; Van Amee *v.* Jackson, 35 Vt. 173; White *v.* White, 30 Vt. 338.

If there is any doubt, it should be resolved in favor of the plaintiff. The courts have always stretched a point to enforce

payment of alimony: Grove's Appeal, 18 P. F. S. 145; Drans-field *v.* Dransfield, 23 Leg. Int 229.

Mr. Justice MERCUR delivered the opinion of the court October 2d 1882.

The plaintiff in error is the executor and testamentary trustee of William G. Mintzer, under whose will this contention arises. After several specific legacies the testator devised to the plaintiff in error, the residue of his real and personal estate in trust inter alia, to let, lease and demise the real estate, and to keep invested the personal estate, to collect the rents, interest, income and profits thereof and after paying therefrom all the expenses necessary to keep the real estate in repair, and all charges and expenses, to make distribution of the remaining net income, and to pay over the one-third part thereof to his son George for and during all the term of his natural life, and on his death remainder over to others named. The testator proceeds to declare: "it is expressly my will that the income which I have heretofore directed to be paid to my children respectively, is to be for their respective sole, separate and exclusive use and benefit . . . . so that the same shall not be in any manner pledged, appropriated, disposed of or parted with by anticipation or before the same shall have accrued and become payable; nor be subject to execution, attachment, or sequestration, for any debts or liabilities whatever."

It is now attempted to collect by attachment execution, against the plaintiff in error, as garnishee of George, the sum now due to the latter under the will of his father.

An unbroken line of cases from Fisher *v.* Taylor, 2 Rawle 33, down to 7 Norris 276, has settled the law in this commonwealth, that a father may, by creating a trust in proper form, provide for a son without exposing his bounty to the debts or improvidence of the beneficiary.

In the will before us the testator, in due and legal form, has expressed such intent in clear and unmistakable language. He created in the plaintiff in error, an active trust. The fund in question was to be kept by him for the "the sole, separate and exclusive use and benefit" of George, and not be subject in the hands of the trustee for " any debts or liabilities whatever of George."

It is contended that the character of the debt in this case, on which the attachment issued, is not within the meaning of the testator's exemption. It is for alimony awarded by the court to the wife of George, after a verdict and judgment against him, for a divorce a mensa et thoro, in her favor. The attachment issued on a debt of record fixed by judgment and decree. Whether the judgment be for a breach of contract or

[Wiggins' Appeal.]

for a tort, matters not. The testator recognized no such distinction. He impressed on the fund exemption from all kinds of legal process against the trustee, not only for debts, but also for "all liabilities whatever" of George. Language broader and more comprehensive could not be used. The testator made no distinction between the character of the obligations which might rest on George. He designed to cover all, legal, equitable and moral. If we depart from the clearly expressed will of the testator in this respect, we make a new will instead of enforcing the one he made.

The question whether George should justly apply the money after it has reached his hands, to the discharge of this obligation, or in case he refuses so to do, what form of legal proceedings may be instituted against him, does not now arise. We are dealing solely with the case of legal proceedings against the trustee, instituted for the purpose of intercepting his action and defeating the trust stamped on the fund by the donor. As the wife of George has become one of his creditors and seeks to enforce her claim by adverse process against the trustee, the debt as well as the proceedings come within the prohibitory clause of the will. The learned judge therefore erred in entering judgment in favor of the defendant in error on the point of law reserved.

Judgment reversed, and judgment in favor of the plaintiff in error, non obstante veredicto.