(. Misc. Rep. 12.)

McGLYNN v. McGLYNN et al.

(Supreme Court, Special Term, Kings County. January, 1902.)

ARREARS OF ALIMONY—PROPERTY SUBJECT—INCOME OF TRUST FUND.
    Where, during the pendency of an action by a wife against her husband for separate maintenance, he goes beyond the jurisdiction, leaving her and her children without resources, and an order for alimony has been obtained, and he has property subject to execution, she may maintain an equitable action against him and his father's executors to reach a surplus of an income, given him by his father's will, for her support during the prosecution of the suit, under the order for alimony.

Action by Theresa E. McGlynn against Henry J. McGlynn and others. Judgment for plaintiff.

Howard A. Sperry, for plaintiff.
Matthew F. Ennis, for defendant McGlynn.
Rollin M. Morgan, for executor Donnolly.

RUSSELL, J. The plaintiff wife sues the defendant husband and the executors, who act as such under the will of the father of the

husband, to reach a part of the beneficial income to be paid as directed by the will to the husband. On the 14th of July, 1896, the plaintiff, Mrs. McGlynn, in an action brought for a separation against her husband, the defendant McGlynn, obtained an order pending litigation of alimony for the maintenance of herself and her children of $10 a week, and for $30 counsel fee, no part of which alimony or counsel fee has been paid, except the sum of $7. An execution against the personal property of the husband has been issued, and returned unsatisfied, and the husband has been duly adjudged in contempt for noncompliance with the order; but no sequestration proceedings have been had, he having no property to sequester, nor are his whereabouts known, so as to make the contempt proceedings effective. The plaintiff is apparently without means to prosecute her separation action or to maintain herself and her two minor children. Little light has been thrown by the evidence in this case upon the amount required for the necessities of the husband, but the net income currently to be paid him is evidently at least two and a half times the amount which the court awarded to the wife for the support of herself and children, and, giving force to the inferences which may be drawn from the adjudication in the controversy between the husband and wife, if she and the children can live on $10 per week, a single man, according to the station of life as viewed by the court in the former action, and who had taken upon himself the obligation of providing for that wife and those children whom he brought into this world, ought to be able to live upon half as much again as the three dependents. Nor is it to be presumed that the courts will listen with much forbearance to a plea on his part, in view of his duties, that he may live beyond the jurisdiction of the court over his person with the free choice of idleness, though an able-bodied man, in order to exempt his income from sacred obligations, especially as his deceased father did not fetter the payment of the income to him by any limitation that it was to be devoted to his support alone.

Is the law impotent to help this wife and these children? May the husband and father enjoy the luxury of a comfortable income, to be expended solely for his own selfish purposes, while they whom he is bound to support must depend upon the charity of others? Is she obliged to forego the prosecution of her separation action, and the opportunity to prove its necessity, because she cannot get the means which the court has adjudged she shall have, and which the husband is fully able to pay? By the unanimous judgment of our court of appeals it was decided to be the law of this state that a judgment in an action for divorce awarding alimony to the wife made her a creditor of the husband, so that, even as a claimant creditor, she was entitled to maintain her action for a diversion of the surplus of an income coming from the husband's father by will, though that income was limited to the use of the son for life. The court went still farther, and placed its judgment on a broader and deeper ground. It maintained that, the husband and wife being one in the eyes of the law, the wife should be entitled to a part of a provision for his support, especially as it was his duty

to maintain her. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. In the opinion the following cases were approved: Thompson v. Thompson, 52 Hun, 456, 5 N. Y. Supp. 604; Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Sillick v. Mason, 2 Barb. Ch. 79. In the Thompson Case the wife obtained a direction compelling the trustee to pay the alimony out of the trust income going to the husband. Does it make any difference because her right to support is determined only by an order of this court, which the husband prevents from ripening to a final judgment by his refusal to pay? There can be no essential difference, in the present status of the pecuniary as well as marital right, whether she gets alimony by order or judgment. She is just as much a creditor because the arrears are sums directed by the court to be paid for present needs as though such provision was by later judgment for the remaining years of her life, and just as much a wife entitled to support as she would be after separation by court decree. Her right to the moneys cannot be attacked collaterally. Aldridge v. Walker, 73 Hun, 281, 26 N. Y. Supp. 296. The order on motion is as effective in subsequent litigations as though confirmed by judgment. Dwight v. St. John, 25 N. Y. 203. The pecuniary basis of the claim survives to the administrator of the deceased even against a fraudulent transferee of the husband's property. Bouslough v. Bouslough, 68 Pa. 495. And arrears may be recovered against the estate of a deceased husband. Knapp v. Knapp, 134 Mass. 353. A decree for alimony made by a New York court is properly enforceable by suit in equity in another state. Barber v. Barber, 21 How. 582, 16 L. Ed. 226. The wife has exhausted the legal remedies. An execution has been returned unsatisfied. Sequestration proceedings are useless, and therefore unnecessary. Code Civ. Proc. § 1773. Must she go through the formal proceeding of getting a judgment on the arrears already adjudicated to be due, and then proceed as any contract creditor? How much, then, would her status be altered in substance? The reach of equitable remedy does not simply extend to a statutory power conferred in cases where a debtor refuses to apply property rights not to be reached by execution. It may well halt on grounds of public policy in an effort to impress a lien in favor of a mere indebtedness unless the procedure provided is complied with; but it never hesitates for want of a mere form, useless to follow, where the right reaches into the thing sought, but aids the effort by direct remedy. Such equitable power antedates any statute. Harvey v. McDonnell, 113 N. Y. 526, 21 N. E. 695; Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548. The law of New York as to the pecuniary marital rights of wife and husband has been in a transitional condition for over half a century. This state was the pioneer in the emancipation of her property from his unjust control, and it may be well—very well—for the courts of this state to heed the significant hint of Judge Haight in Wetmore v. Wetmore, concurred in by all the judges sitting in that case in the court of appeals, that the wife's right to support in the assured income of the husband may be enforced in equity, even though unsupported by any

other form of cruelty than forcing her and her children to hunger while he lives in luxurious ease, and to declare that, if the state can by compulsion upon him save a few dollars of public burden for the support of his dependents, her far weightier claims will secure in a righteous case direct and speedy recognition.

It is obvious that courts cannot intervene to adjust controversies between husband and wife, based upon their differences as to the adequacy of the support alone; but judicial relief may be given where the acts of the husband amount to a repudiation of all obligation.  Such intervention would not tend to disrupt family ties, but rather help, as a restraining and preventing influence, to discourage a total rupture.  In this case the wife does not rest solely on her original right to support, but has the sanction of a duly made order of this court, fixing the precise obligation, and also the proof that no other resource is left her but the aid of the court to enforce her right and its decree.

Judgment is directed that the arrears of alimony be paid out of the son's income, with the costs of this action.  Judgment accordingly.