Hillsborough, }
April 1, 1924. }

EMMA M. EATON *& a. v.* PERRY A. EATON, JR., *& a.*

A spendthrift trust "for the benefit of my said son as his needs may require," the son then having to the testator's knowledge a wife and daughter dependent on him for support, requires the trustee to apply the fund for the benefit of both the son and those dependent on him; but the fund cannot be applied to the payment of alimony obtained by the wife upon a decree of divorce subsequent to the testator's death.

In such case, the trustee holds the fund for the benefit of the son and his family and should expend so much of it as may be necessary to give them such a home as the ordinary man would provide under similar circumstances.

BILL IN EQUITY, to reach funds held by the trustee under the will of Perry Eaton for the benefit of his son, Perry, Jr. At the time the will was made and when Perry died, Perry, Jr., and the plaintiff were man and wife. Since then she has obtained a divorce with alimony and brings this bill to collect it. The court ordered judgment for her in the sum of $7,000. Transferred by *Branch*, J., on the defendant's exception to this decree.

*Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendants.

YOUNG, J. The test to determine whether the plaintiff can reach the funds in the hands of the trustee to satisfy her judgment against Perry, Jr., is to inquire what his father intended to give him; that is, to inquire whether his father intended to give him this fund or any part of it or whether what he gave him was the right to demand such assistance from the fund as the trustee thinks his needs require. *Wolfman* v. *Webster*, 77 N. H. 24.

The evidence relevant to this issue consists of the words the testator used read in the light of the situation of the parties, together with his knowledge of his son's habits. The testator, after giving his son something more than $17,000, said: "I direct, however, that all the property bequeathed or devised by me to my son Perry A. Eaton, Jr., shall be held in trust by my executor and be managed and controlled, invested and expended for the benefit of my said son as his needs may require, and at his decease I give, bequeath and devise the remainder thereof, if any . . . to" certain persons.

The testator knew that his son was a spendthrift, and that he

had a wife and daughter dependent on him for support. It is clear, therefore, when the words of the will are read in the light of these facts, that the testator intended to create what is known as a spendthrift trust and that what he gave his son was the right to require the trustee to use this fund for his benefit and the benefit of those dependent on him for support, for as the needs of a married man are sometimes construed they include not only his needs but also the needs of his family, *Gardner* v. *O'Loughlin*, 76 N. H. 481; *Wetmore* v. *Wetmore*, 149 N. Y. 520; and when we consider Perry, Jr.'s habits it is probable that was the sense in which his father used that word, for it is hardly probable that he intended to take care of Perry, Jr., and let his wife and child starve.

In other words, the evidence tends to prove that the testator wished to take care of his spendthrift son and that the scheme he devised to solve that problem included placing the fund he created beyond the reach not only of his son but also of his son's creditors and directing his trustee to use the fund for the benefit of his son as his needs may require. Since the testator's scheme included putting the fund out of the reach of his son's creditors, it follows that the trustee cannot use the funds in his hands to pay the plaintiff's judgment, for a judgment of alimony stands no better and no worse, so far as reaching this fund is concerned, than any other judgment; for the needs of his son which the testator had in mind when he made his will do not include this need of money to pay his debts, but only his need of money to enable him to maintain a comfortable home for his family.

Although this disposes of the case in so far as the question transferred is concerned, it is thought that it will save further litigation to consider briefly Perry, Jr's., right in the fund.

Although he has no right to the possession of the fund or any part of it, he has the right to have it used for his benefit and the benefit of his family, so when he applies to the trustee for assistance the trustee should remember that he is holding this fund for the benefit of Perry, Jr., and his family, — not for the benefit of the residuary legatees, — and spend so much for his wards as may be necessary, not to keep them from starving, but enough to give them such a home as the ordinary man would provide if he were administering a fund of that size.

Whenever, therefore, the trustee is considering how much money he should use for the support of his wards, he should consider among other things the amount of money at his disposal, their present as

well as their probable future needs, their health and capacity to help themselves, and then do what the ordinary man would do under similar circumstances.

*Exception sustained.*

All concurred.