Hillsborough, }
Jan. 5, 1926. }

EMMA M. EATON & *a. v.* PERRY A. EATON & *a.*

A divorced wife is not a member of her former husband's family, and is not
    entitled to have any part of the income of a trust fund created by will for
    the benefit of the husband and his family, free from the claims of creditors,
    paid to her, either generally for her support since the divorce, or as alimony.
Award of custody of a minor child to the mother, in connection with her
    divorce from the father, does not affect the relationship of the child as be-
    longing to the father's family.
A trustee vested with discretion in the expenditure of the income of a trust
    fund established for the benefit of an individual and his family does not need
    a judicial order to justify payments to members of the family.
Whether the child's property should be used for its support before recourse
    is had to the trust fund is a question of fact to be considered by the trustee
    in the exercise of a reasonable judgment.
The court cannot substitute its discretion for that of the trustee. Within the
    limits of reasonableness, his judgment is final.

BILL IN EQUITY, for support from the funds of a spendthrift
trust. One plaintiff is the divorced wife, and the other the guardian
of the minor child, of the beneficiary. The divorce was granted
after the decease of the testator whose will created the trust, and
before the trust was established. The trustee excepted to orders
for the payment of certain amounts to each plaintiff. Transferred
by *Burque,* J.

*Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the plaintiffs.

*Warren, Howe & Wilson,* for the trustee.

ALLEN, J. While in the previous decision in the case (*Eaton
v. Eaton,* 81 N. H. 275) it was held that the fund was to be used
for the beneficiary and his family, the case did not determine who
the family were. This question is one of construction of the instru-
ment creating the trust, the language of which appears in the opinion
of the previous decision, which opinion does not consider and define
what persons made up the family as included within the testator's
provisions for his son's needs. This question was not involved so
as to be in issue.

By the decision, the fund is to be used for the beneficiary's needs;
his creditors cannot reach it, and the plaintiff wife's award of alimony
stands no better than any other judgment debt in an effort to have

it paid from the fund. By parity of reasoning, the claim for support since the divorce, enforceable in the same manner as the alimony award, may not be collected from the fund, unless the claimant was a member of the beneficiary's family during the period for which support is claimed. Such period is almost entirely subsequent to the divorce.

The inquiry being what relationships and situations the testator probably had in mind to entitle persons as members of his son's family to support from the fund, obviously the claimant's needs do not control the testator's wishes. Within the application of the beneficiary's needs his needs include his family's, but that his family includes his wife since the divorce does not follow. The testator in omitting mention of her intended not to have the fund used for her support except while she remained a member of his son's family. If confirmation of this were required, it is furnished in the fact that by the will no unexpended part of the fund goes to her in the event of her survival of the son, even as his widow.

In ordinary and common understanding marriage creates family membership between the parties and divorce destroys it. The divorce completely dissolving the marital status, thereafter there are no ties either of kinship or of marital status to relate the parties. In law, and usually in fact, the parties upon divorce become strangers to each other, and no one thinks of calling a divorced man and woman members of each other's family. If the man remarries, the former wife and the new one are not members of one and a common family. If until then the former wife remained a member of his family, then his act of remarriage would terminate her relationship in such respect without action of any kind on her part. Similarly, if the woman remarries, her former husband and her new one do not belong to the same family. Nor is the duty to support a divorcing wife a test of the relationship. The fact that the law affords unusual remedies to enforce the duty does not affect the situation. Dependency does not determine family status.

The implied inclusion of the needs of the son's family within his own needs gives no indication that the testator meant that the family should have any unusual scope of inclusion beyond its generally understood meaning. The creation of a spendthrift trust showed a purpose that creditors and claimants generally should not reach it, and no discrimination was made between the relative characters of his son's obligations. Exact and precise definition of family membership is not here called for. It is sufficient to say

that the will does not treat the son's wife after her divorce as a member of his family, so as to give her support from the fund after she ceased to be his wife.

Although the trust was not established until a later date, a part of the trust fund was payable one year after the testator's death. From the time it was payable until the divorce was granted, this plaintiff had rights of support on the same basis as those of the minor child, which are now considered.

The divorce did not affect the relationship of the minor child as belonging to her father's family, within the application of the term in the testator's contemplation. Nor did the decree granting the child's custody to her mother remove her from the family within such contemplation. The trustee, by his counsel at the hearing, expressly, and the other defendants by default, have conceded this. What is said in the previous decision relative to the support of the beneficiary's family is applicable to her.

The trustee has refused to make any payments for her support, giving as the only reason for his refusal that it was his understanding that he should have a judicial order for payments to anyone other than her father. This understanding is erroneous. The father's failure to ask for support for his daughter could not be operative to defeat the testator's purpose that the trustee should expend from the fund for her needs while belonging to the son's family. The father's disregard of his family's needs did not nullify or alter the testator's regard for them. The trustee, as advised in the previous decision, is to act reasonably under the circumstances. Judicial authority for action in this regard is not first required. The suggestion at the hearing that the daughter's own property should be exhausted before calling on the fund for support has no merit as a legal principle. The court's ruling, rather than finding, that such property need not be first used is likewise incorrect. The fact of other resources is only one of the circumstances to be considered by the trustee in the exercise of reasonable judgment.

The trustee having made no payments for the child's support, the court determined what amount was proper therefor, apparently from the time of the divorce, and ordered the trustee to pay it from the fund. In making this order the court erred. The question was whether the trustee had acted reasonably. If it was found he had not, the appropriate order was to require him to do so. His failure to administer the fund properly did not entitle the court to act as a substitute trustee. It was to the reasonable exercise

of the trustee's judgment that the determination of the need of support from the fund was committed. The question is one of fact, which the will provides the trustee should decide, and his decision stands if it is a reasonable one. His failure to act for inadequate reason is unreasonable, and, if persisted in, would be ground for his removal by the court appointing him, but not for any court to act in his place.

The court, in passing on the reasonableness of the trustee's action by way of revision, may find the least amount that a reasonable judgment would allow, and order payment accordingly. The court may also find the most that would be thus allowed, and enjoin payment in excess thereof. But within the limits of reasonableness the trustee alone may exercise discretion, since that is what the will requires.

The cases are in uniform accord with these principles. *Brook* v. *Sawyer,* 39 N. H. 547; *Cram* v. *Cram,* 63 N. H. 35; *Ellis* v. *Aldrich,* 70 N. H. 219; *Abbott* v. *Abbott,* 76 N. H. 225; *Gardner* v. *O'Loughlin,* 76 N. H. 481; *Wolfman* v. *Webster,* 77 N. H. 24.

The court has found what amount should be paid for the child's support. As the decree is understood, it gives an absolute right to support from the fund without regard to the father's past, present and prospective needs from the fund, and without regard to the size of the fund. A determination so made is not reasonably made. All pertinent circumstances are to be considered. If reasonably determined in amount, the order for payment would still be erroneous in the absence of a further finding from the evidence that any less amount would be unreasonable.

*Decree set aside.*

All concurred.