CELIA FINK, Plaintiff, *v.* BERTRAM FINK, Defendant.

Supreme Court, Kings County, January 26, 1931.

*H. S. & C. G. Bachrach,* for the plaintiff.

*Foster Buchsbaum,* for the defendant.

*Emmet, Marvin & Martin,* appearing specially for Bank of New York and Trust Company.

MAY, J.   The plaintiff wife seeks to reach the income of a so-called " spendthrift trust " of which the defendant husband is beneficiary, so as to apply part of the proceeds to the satisfaction of alimony awarded to her *pendente lite,* as well as for certain arrears of such alimony now existing.   In *Wetmore* v. *Wetmore* (149 N. Y. 520, 529) the power of equity to direct payment of alimony out of a similar trust was upheld and the ruling is not to be limited, as defendant urges, by the fact that the wife in the case at bar has as yet only an interim order and not a final judgment.   The rule depends, not on the form or finality of the mandate, order or judgment, but upon the legal unity of the wife and the husband.   The court in the *Wetmore* case said: " Equity will not feed the husband and starve the wife.   Neither will it favor the wife to the detriment of the husband.   Treating them as one, and both entitled to support out of the income of the estate, so far as creditors are concerned, furnishes a just rule and a safe basis for adjustment where the question of support arises between themselves."   In *McGlynn* v. *McGlynn* (37 Misc. 12) it was directly held that there is no essential difference in the matter whether the wife is entitled to get alimony by order or by judgment.   As was stated in *Zwingmann* v. *Zwingmann* (150 App. Div. 358), courts should not be astute to aid in the escape from the marital duty of support.   I hold that to the extent that there is a surplus of funds from the income of the trust herein beyond what is necessary for the support of the beneficiary, such surplus may be applied to the payment of the alimony, including the arrears, and an order to that effect may be entered, such order to be settled upon notice.   In the event that there is a lack of agreement between the parties as to the sufficiency of such surplus, I will take testimony.

As to defendant's motion to dismiss for non-prosecution, inasmuch as it admittedly appears that defendant is in default in complying with the terms of an order of this court directing the payment of alimony, such motion to dismiss is denied, with leave to renew when and if defendant complies with the terms of such order.