Belknap,
March 1, 1938.

FREDERICK W. FOWLER, *Trustee*

*v.*

FREDERICK L. HANCOCK *& a.*

*Tilton & Tilton*, filed a brief for the plaintiff.

*Napoleon J. Dyer* and *Theo S. Jewett*, for the testator's brother.

*Robert V. Johnson*, as guardian *ad litem*, for the brother's children.

*Fortunat E. Normandin*, as guardian *ad litem* and agent, for other parties in interest.

ALLEN, C. J. The testator clearly intended that the trust estate should be held for his brother's benefit during the latter's life. It is equally clear that the brother was to have no voice in the charge and management of it, nor any right to its use or expenditure in such manner as he might demand. What was proper to be used and expended for his benefit was to be determined within the limits of reasonable discretion (*Eaton* v. *Eaton*, 82 N. H. 216), not by him, but by another.

The will is silent in any mention of a trustee in place of the one it names. But a trust is to be maintained and enforced by a substitute trustee when there is a vacancy in the trusteeship. Although the will makes no provision therefor, one will be appointed, and with such powers as the due execution of the trust requires.

The case here is not parallel with those of *Hall* v. *Harvey*, 77 N. H. 82, and *Carlton* v. *Henderson*, 79 N. H. 416. In the *Hall* case the trustee had a power of appointment, being "the sole judge" of the distribution for which the will made provision. The trust in such respect depended for its execution upon the exercise of the personal confidence reposed in the trustee. In the *Carlton* case no test or

standard was set out for the exercise of the named trustee's discretion in paying principal to the beneficiary, and hence no right of the latter to demand payment ensued. Here the beneficiary is entitled to have the trust estate used and expended for his benefit. The named trustee was not given uncontrolled discretion but was obliged to act reasonably in passing upon the propriety of extending benefit.

Required reasonable action may be taken by a substitute trustee. The will evinces the testator's purpose that his brother's beneficial interest in the trust should be tested by reasonable propriety, and not by the named trustee's sense of propriety as a matter of her sole and arbitrary discretion, or only by her discretion within the limits of due propriety. If she were intended to be the sole judge of propriety, it would be because it was the testator's purpose that his brother should receive benefit from the trust only if and while she held the trusteeship. If such a construction were adopted, on her failure or cessation to act as trustee no part of the trust estate could be devoted to the brother's benefit, and the general scheme of the trust for such benefit would be defeated. The personal confidence of the testator in the named trustee was not imperative and paramount to the degree of a condition upon which the brother's right of benefit depends. A power which the beneficiary is entitled to have exercised may be enforced in equity. A reasonable reading of the will discloses that the discretion vested in the named trustee should pass to a substitute trustee, as the testator's contemplation. The provision for substitution is found because of its need to fulfil the purposes of the trust.

Benefit to the brother includes benefit to his minor children. In *Eaton* v. *Eaton*, 81 N. H. 275, the trustee was to use the trust estate for the benefit of the testator's son "as his needs may require," and it was held that "what he gave his son was the right to require the trustee to use this fund for his benefit and the benefit of those dependent on him for support, for as the needs of a married man are sometimes construed they include not only his needs but also the needs of his family" (*Ib.*, 276).

Since it is for the brother's proper benefit that his minor children be supported, it is the plaintiff's right in discretion to furnish the support from the trust estate. And since the brother is in no position to perform his duty of support and the children have no resources of their own, the plaintiff's omission to support would be a breach of his duty, upon the facts presented. While the amount of the trust estate does not appear, no claim is made that it is so small

as to make denial of support proper. The discharge of the brother's primary duty to support his children is so obviously for his benefit that the demand for it cannot properly be held unreasonable. If circumstances might justify the withholding or restriction of the support, the case here does not show any.

The extent and character of support are to be measured by the children's reasonable needs, taking into account the resources of the trust estate to supply them with due allowance for other benefits which the brother is to have, and for other resources of the children should they receive any.

The foregoing view of the will results in dismissal from consideration of the brother's conveyances to the plaintiff.

The question of the brother's right to carry on and manage the home farm is not properly raised and is therefore unanswered. The petition seeks no instructions about it, the declarations of the brother's answer refer to it vaguely and indefinitely, and the relevant facts if found have not been made to appear.

The trial court will issue a decree pursuant hereto.

*Case discharged.*

All concurred.