## SCHWAGER et al. v. SCHWAGER et al.
### No. 6938.

Circuit Court of Appeals, Seventh Circuit.
Feb. 9, 1940.

EVANS, Circuit Judge, dissenting.

———◆———

Irving K. Russ and Harry A. Kahn, both of Chicago, Ill., and B. G. Slater, of Milwaukee, Wis., for appellants.

Ralph M. Hoyt and George Ettenheim, both of Milwaukee, Wis., for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered January 30, 1939, dismissing the Bill of Complaint for failure to state a cause of action. The plaintiffs are the divorced wife and children (two of whom are minors) of the defendant, Leon A. Schwager. The relief sought was support and maintenance from the income or principal of a spendthrift trust of which the husband is the designated beneficiary. The defendants, First Wisconsin Trust Company and Meyer Gronik are trustees under the spendthrift trust, and Meyer Gronik and Laura Schwager Gronik are contingent beneficiaries.

As the complaint was adjudged insufficient, it becomes important to state the material allegations thereof. Plaintiff, Theresa G. Schwager, (afterwards referred to as "Theresa") was married to the defendant, Leon A. Schwager (afterwards referred to as "Leon") on April 9, 1912, and they had three children, namely, David G., Belle C., and Julie T., (afterwards referred to as "the children") the remaining plaintiffs. On June 2, 1931, Theresa obtained a divorce from Leon in the Circuit Court of Cook County, Illinois, the decree providing that he pay her for the support and maintenance of herself and the then three minor children, $100 per month to February 6, 1935, and $50 per.month from February 6, 1935 to July 15, 1943. On October 9, 1935, upon petititon of Theresa, the Circuit Court found Leon guilty of willful contempt for failure and refusal to make the decreed payments, and committed him to the county jail where he remained incarcerated until December 21, 1935, when he was released upon payment of $1500 on account of the arrearage, and his promise that he would appear when requested and pay the balance due within a short time. This he failed to do and has since remained out of the jurisdiction of the Cook County court.

On February 9, 1938, when the Bill of Complaint was filed, Leon was indebted to the plaintiff Theresa in the sum of $10,810 under the decree of the Cook County Court, where there is still pending and undisposed of a rule to show cause why he should not be held in contempt of court for failing and refusing to comply with such decree. The allegation is made that plaintiffs are all in indigent circumstances, while Leon enjoys a substantial income as the beneficiary under the spendthrift trust and, that he has no other assets or income out of which plaintiffs can satisfy said arrearage, or obtain support and maintenance.

The trust in question was created by Leon's mother, Bertha C. Schwager, in her last will and testament dated December 18, 1934, and whose death occurred February

10, 1935. The trust property is valued at approximately $50,000 and is in the possession of the trustee defendants.

There is attached to the Bill of Complaint and made a part thereof a copy of said will which, in view of the issues presented, requires a statement of its pertinent provisions. Paragraph 5 (b), with reference to the trust fund, provides: "(b) The income therefrom shall be paid to my son Leon A. Schwager. This provision is made for the personal protection and welfare of said beneficiary and such income shall not be susceptible of assignment, anticipation, hypothecation or seizure by legal process. Whenever and if the trustees shall have notice or shall reasonably apprehend that the interest of such beneficiary has been or is threatened to be diverted from said defined purposes in any manner aforesaid or otherwise, the trustees shall withhold the income and principal which might otherwise be payable to the beneficiary hereof from distribution and shall apply the same in such manner as it shall deem expedient in such beneficiary's interest and/or to the support, maintenance, comfort, welfare and necessities of such beneficiary and the members of his family then dependent upon him for support, not, however, including his first wife or any of his children by her." The first wife and children referred to are the plaintiffs herein. The trustees are also authorized, in their discretion, to distribute to Leon such amounts from the principal as they shall deem expedient. Certain specific bequests were made to the children of Leon to take effect at the termination of the spendthrift trust. By Paragraph 15, the interest devised to such children was made contingent. After reciting the provisions made for Leon, and making reference to the marital difficulties existing between Leon and his wife, the express condition on which the children are permitted to receive "any benefit whatsoever under this will" was stated. In substance, the condition requires that Theresa, within ninety days after the death of the testatrix, release Leon from any and all obligations on account of alimony and support, both past and future, and only in that event was the devise to the children to become effective, otherwise such provision "for their benefit shall be ineffective and void." Under such circumstances, the property was bequeathed to parties other than the children. Provision is made for any wife or children which Leon may leave other than the instant plaintiffs. This paragraph concludes: "It is my intent under this provision to cut off my said three grandchildren from any participation whatsoever in my property or its distribution unless their mother shall have effectively and completely eliminated for all time any and all possible right, claim or demand on her part or in her behalf or in behalf of any other person against the said Leon A. Schwager arising out of directly or indirectly any marriage obligation of the said Leon A. Schwager."

The contested issues as stated by the plaintiff,[1] are:

First—Is this spendthrift trust void as against the claims of the beneficiary's children or his divorced wife for their support and maintenance?

Second—If not, may the children or former wife of the beneficiary obtain support and maintenance out of the income or principal of the trust under a proper construction of the trust instrument?

Counsel for both sides have been diligent in the preparation and submission of briefs relative to their respective contentions. It appears that no pertinent court decision of any State or Federal Court, nor text book have been omitted. They have all been read and studied, but obviously we must confine our discussion to a comparative few of the leading authorities cited and relied upon in support of the opposing contentions.

Our problem is more difficult by reason of the fact that there is no controlling statute nor reported court decision of the State of Wisconsin. We assume, under such circumstances, that we must determine the law of that state from the rule in other jurisdictions, taking into consideration any decision of Wisconsin concerning matters of a relevant nature. Both sides claim that their contention is sustained by the majority rule, while each concede there is a minority rule to the contrary.

Plaintiffs' argument is predicated upon two theories, (1) that the spendthrift trust is void as against the claims of the wife and

---

[1] Defendants argue that the contested issues are not properly stated by the plaintiff for the reason that the alleged arrearages are due and payable to Theresa and not the children. We do not regard this as material. We think the same issues are raised in either event.

children, and (2), if not void, such support may be obtained under a proper construction of the trust provision. Under the first theory, it is argued that such a provision is contrary to public policy and, under the second, that the provision should be construed as showing an intent on the part of the testatrix to provide for such wife and children.

We think it may be said that no decision, other than those predicated upon a statutory provision, has permitted a wife or child to reach a spendthrift trust created by a third party for the benefit of the husband without relying in whole or in part upon an intention, express or implied, that the trust fund be thus employed. In this connection, it may also be said that the courts have extended themselves at great length to ascertain a favorable intent on the part of the settlor and, in fact, in some of the cases have indulged in a reasoning indicative of the desire sought to be achieved. In such cases the intent has been found because of a failure to express a non-intent.

■ It thus becomes important, in the beginning of our discussion, to appraise the situation with which we are confronted. Here, we have a mother executing a will in which she wishes to provide for her divorced son. Her will was written more than three years after the divorce. She was thus familiar with the marital difficulties existing between him and his wife and, that the latter had been awarded alimony and support. Being thus familiar with the situation, she deliberately concluded that she would not permit any of her money or property to pass into the hands of the divorced wife. We have heretofore set forth the language employed by her to accomplish this purpose, and shall not repeat. It is sufficient to state the language used is strong and convincing of an intention wholly contrary to that which we are now called upon to adopt. It is also too plain to admit of dispute that the situation presented was contemplated by the mother and is the one which she sought to guard against. Thus, no unexpected or new situation has developed such as is referred to in some of the cases.

Plaintiffs naturally, and with justification, place much stress upon a statement contained in "Restatement of the Law of Trusts," § 157 (Amer.Law Instit.1935): "Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary, (a) by the wife or child of the beneficiary for support or by the wife for alimony; * * *" We shall hereafter refer to this pronouncement.

Of the cases cited in support of plaintiffs' theory, those of the States of Pennsylvania,[2] Illinois,[3] and New York[4] are the most important.

The decision of the Supreme Court of Pennsylvania in Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L.R. 1251, is the case most frequently quoted on the subject and affords some support for plaintiffs' contention. At any rate, the court reached the conclusion that the spendthrift trust might be reached for the support of the wife. This case has been so often cited and discussed that we shall not undertake to dissect it further. It is sufficient to state here, as was stated in the later Pennsylvania case of Thomas v. Thomas, 112 Pa. Super. 578, 588, 172 A. 36, 40, that: "The decision in Moorehead's Estate was based upon three independent grounds: (1) It was not the intent of the testatrix to bar the deserted wife; (2) to do so would be contrary to public policy; and (3) the obligation of a husband is not based on any contractual relation; it is a fundamental duty. In that case the orphans' court granted an injunction until the petitioner could enforce her rights in the common pleas court." Thus, it will be observed that in the Moorehead case it was found the testatrix had no intention of precluding the deserted wife. On that proposition, the decision is distinguishable from the instant situation. Concerning the question of public policy involved, the court said, 289 Pa. at page 550, 137 A. at page 806, 52 A.L.R. 1251: "* * * No hard search is required to find in this will an abundance of reasons for declaring that, to place upon it the interpretations respondent says it should

[2] Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L.R. 1251; Thomas v. Thomas, 112 Pa.Super. 578, 172 A. 36; Stewart v. Stewart, 127 Pa.Super. 567, 193 A. 860; In re Stewart's Estate, 334 Pa. 356, 5 A.2d 910.

[3] Keller v. Keller, 284 Ill.App. 198, 1 N.E.2d 773, 775; Tuttle v. Gunderson, 254 Ill.App. 552; England v. England, 223 Ill.App. 549.

[4] Wetmore v. Wetmore, 149 N.Y. 520, 44 N.E. 169, 33 L.R.A. 708, 52 Am.St. Rep. 733; Fink v. Fink, 139 Misc. 630, 248 N.Y.S. 129; Randolph's Estate, 159 Misc. 688, 288 N.Y.S. 678.

have * * * would be to place it in direct antagonism to every recognized claim of morality and to every purpose of public policy. To ignore or dismiss this controlling factor would be to attach the seal of judicial approval to the misconduct of this respondent against his deserted wife * * *. Such conclusion would be to transform his wickedness into a weapon for further use against a defenseless wife."

We shall not analyze other Pennsylvania decisions. It is fair to state that the doctrine enunciated in the Moorehead case has been followed by the courts of that state.

In all of the Illinois cases the court found that the testator, in creating the trust, did not intend to deprive the wife of support therefrom. In the first case, England v. England, 223 Ill.App. 549, on page 554, the court said: " * * * When all the provisions of this will are taken into consideration, it is evident that such was not the intention of the testator, but that appellee, when she married Albert C., acquired an equitable interest in the trust fund to the extent of a right of support and maintenance together with her husband."

In Tuttle v. Gunderson, 254 Ill.App. 552, the court on page 564 said: "It is clear from the entire provisions of the trust that the testator, in executing the same, did not intend to deprive the appellee of any benefits she might acquire in the trust fund as the wife of the defendant. * * *"

In Keller v. Keller, 284 Ill.App. 198, on page 206, 1 N.E.2d 773, on page 777, the court, in concluding its discussion, said: "We hold that because the will creating this trust fund does not expressly disclose an intention to the contrary, because the claim for support of children is one which transcends any contractual obligation, and because of the recognition in our law of the unity of the family, the court did not err in subjecting the income from this trust fund to the support of the minor children of the beneficiary. * * *" In this last case is found an exhaustive review and analysis of the authorities, including the Pennsylvania case of Moorehead, supra. We think it is also fair to state that the court, by implication at least, approved the doctrine that such a provision in a spendthrift trust is contrary to public policy.

Numerous Illinois authorities are cited emphasizing the duty imposed upon a husband to support his wife and children.

The New York cases cited furnish little, if any, support to plaintiffs' theory. Wetmore v. Wetmore, 149 N.Y. 520, 44 N.E. 169, 33 L.R.A. 708, 52 Am.St.Rep. 752, is typical of such decisions. While some of the language employed by the court appears to be material, an analysis of the situation discloses it has no bearing for the reason that in that state there is a statute which is largely controlling of the situation. This statute, in effect, provides that any surplus income from the trust fund above that necessary for the support and education of the beneficiary, shall be liable to the claims of creditors. In the Wetmore case, supra, and all the New York cases relied upon, the court permitted the wife to recover alimony from the excess income. Such decisions, of course, can have little or no bearing upon the present case.

It would serve no good purpose for us to analyze the many decisions cited by plaintiffs from other jurisdictions. We have read them and they are all distinguishable largely upon two grounds: (1) The court construed the trust agreement as containing the intent in favor of the wife, or (2) the decision was in connection with an applicable statutory provision. In a few of the cases, the trust was created by the owner of property for his own benefit, or for the purpose of placing his property beyond the reach of his creditors, and such cases, of course, also have no application. Thus, it may be said of plaintiffs' authorities, support is found only in the Pennsylvania cases, with possibly meager support in what may be regarded as dictum in the Illinois authorities.

We shall now refer to a few of the many cases relied upon by defendants.[5]

The case of Erickson v. Erickson, 197 Minn. 71, 266 N.W. 161, 267 N.W. 426, decided in 1936, is predicated upon a state of facts similar to the instant situation. The court, 197 Minn. 71, 266 N.W. on page 164, 267 N.W. 426, said: "The donee's obligation to pay alimony or support money, paramount though it may be, should not, in our opinion, transcend the right of the donor to do as he pleases with his own

[5] Erickson v. Erickson, 197 Minn. 71, 266 N.W. 161, 267 N.W. 426; Bucknam v. Bucknam, Mass., 200 N.E. 918, 104 A.L.R. 774; San Diego Trust & Savings Bank v. Heustis, 121 Cal.App. 675, 10 P.2d 158; Eaton v. Lovering, 81 N.H. 275, 125 A. 433, 35 A.L.R. 1034; Kiffner v. Kiffner, 185 Iowa 1064, 171 N.W. 590.

property and to choose the object of his bounty. Our conclusion does not arise out of any anxiety for the protection of the beneficiary. In the absence of statute and within the limits as to perpetuities, a donor may dispose of his property as he sees fit, and this includes corpus or principal as well as income. * * * The relationship of John Erickson to his grandchildren standing alone as it does here is wholly insufficient in our opinion to justify the implications contended for by respondent. The words employed in his will make his purpose clear, and no interpretation can justify a construction that would subject either the principal or interest to claims for alimony or support money, until it is actually paid to Herbert."

In Bucknam v. Bucknam, Mass., 200 N.E. 918, 104 A.L.R. 774, the Supreme Court of Massachusetts also in 1936 held that a spendthrift trust could not be reached for the satisfaction of a judgment for alimony and support money. The will in that case provided that the provisions made for the testator's son should not be subject to alienation or anticipation by him. The court on page 921 of 200 N.E., 104 A.L.R. 774, said: " * * * To permit a wife to collect out of spendthrift trust funds any decree for alimony which she might obtain, with all its accumulations, would often deprive an improvident beneficiary of all the protection which the testator intended to give him."

In San Diego Trust & Savings Bank v. Heustis, 121 Cal.App. 675, 10 P.2d 158, on page 161, the court said: "From the above it will be seen that the trust is a strict unlimited trust executed by a mother in favor of her son and only heir at law. The mother was under no obligation, either legal or moral, to maintain the wife of her son, and had a right to dispose of her property as she saw fit. * * *"

The court in this case discusses the Pennsylvania Moorehead case, supra, and repudiates the doctrine that such a provision in a spendthrift trust is contrary to public policy. We shall not quote further from such cases. Generally they are predicated upon the proposition that a testator has the right to dispose of his property in such manner as his judgment made dictate— a doctrine firmly established in every jurisdiction so far as we are aware. In fact,

as heretofore stated, it is recognized in all the cases relied upon by plaintiffs. Such doctrine is strikingly illustrated in Nichols, Assignee, v. Eaton, et al. 91 U.S. 716, on page 727, 23 L.Ed. 254, where the court said: "Nor do we see any reason, in the recognized nature and tenure of property and its transfer by will, why a testator who gives, who gives without any pecuniary return, who gets nothing of property value from the donee, may not attach to that gift the incident of continued use, or uninterrupted benefit of the gift, during the life of the donee. Why a parent, or one who loves another, and wishes to use his own property in securing the object of his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence, or incapacity for self-protection, shall not be permitted to do so, is not readily perceived."

An examination of the decisions of the courts of Wisconsin discloses that they, in common with courts generally, have tenaciously embraced and applied this doctrine.[6] Typical of such cases is Estate of Wilkins, 192 Wis. 111, on page 113, 211 N.W. 652, on page 653, 51 A.L.R. 1106, where the court said: " * * * A testator may ignore wholly, if he desires, those in close relation to him by ties of blood, and he may bestow his devises and bequests upon persons who are ordinarily not deemed the objects of his bounty. Nor is anyone permitted to make a will for him; neither can the courts change or modify a will, or substitute in its place one which they deem more equitable and just, for to permit this would destroy the sacredness of a will, and would substitute in its place the will of another."

Having decided that the testatrix anticipated the situation here presented and, that the provisions of her will expressly negative the intent that the wife or children of her son should participate in the benefits provided for him, there remains only the question as to whether such provision contravenes public policy so that the same should not be given effect. It would serve no good purpose for us to enter into a castigation of the husband for his plain and apparently willful disregard of an obligation imposed upon him by the law of Wisconsin and, in fact, by the laws of all civil-

[6] Estate of Wilkins, 192 Wis. 111, 211 N.W. 652, 51 A.L.R. 1106; Graef v. Kanouse, 205 Wis. 597, 238 N.W. 377; In re Boyle's Estate, Wis., 288 N.W. 257.

ized jurisdictions. No doubt there is a thoroughly established public policy which imposes such obligation upon a husband. We are convinced, however, that there is nothing in such policy which requires or, in fact, permits the destruction of a spendthrift trust under the circumstances presented. In the first place, the policy that a person may dispose of his property according to his own wishes, is equally well established. In the instant case, for instance, the testatrix was under no obligation to her son's wife and children. She was under no obligation to bequeath her property to her son in trust or otherwise. She was at perfect liberty to give it all to a stranger had she so desired. Being thus empowered, it is difficult to ascertain by any ordinary process of reasoning, how or why she should be precluded from disposing of it as she did.[7] The wife and children were not damaged— they were no worse off than before. They were deprived of no means afforded by the law to enforce the duty imposed upon the husband for alimony and support. It seems to us that this public policy which plaintiffs seek to invoke, and which finds some support in the authorities referred to, has been inaptly applied. It is directed solely at the husband, and may be invoked only against him. For instance, it would preclude him from creating a trust with his own property, or disposing of or secreting it so as to escape his responsibility concerning his wife and children; but to apply this public policy to the present case, it must be directed, not at the husband, but at his mother, who, as stated, was under no obligation to the wife and who, if subject to this public policy, is precluded from disposing of her property according to her express intention. To give such policy effect is for the court to rewrite her will and make disposition of her property, not according to her wishes, but in conformity with what we might think was a more equitable disposition. Such a doctrine supplies a convenient mode of brushing aside the will of a testator, which we are not willing to adopt.

 Even if we were to close our eyes to this obstacle, we would be confronted with another, no less difficult to overcome, that is, that it is not within the province of this court to legislate for the State of Wisconsin. It is true, there seems to be a tendency among the states, by legislative enactment, to prohibit the creation of spendthrift trusts so as to preclude a wife or children of the beneficiary from obtaining alimony or support therefrom. Two of such states, New York and Oklahoma, have been referred to and the decisions from those states, relied upon by plaintiffs, are in connection with such statutory provisions. The states of Missouri and Louisiana have also, by legislative decree, determined their policy to the same effect. If the state of Wisconsin desires such a policy, we assume its legislature will so provide. We are unwilling, either on account of our sympathy for plaintiffs' cause, or our opinion as to what the law of Wisconsin should be, to promulgate a policy clearly within the legislative domain of that state.

With due respect for those framing the "Restatement of the Law," we reach the conclusion that the statement relied upon (heretofore quoted) is not the law as it applies to the instant situation. The statement appears in Tentative Draft No. 2, published March 17, 1931, in the same form as that finally adopted. We have examined the authorities cited in connection therewith, most of which have been referred to in this opinion, and with the exception of the Pennsylvania Moorehead case, furnish little, if any, support for the proposition. We agree with what the court said in Erickson v. Erickson, supra, 197 Minn. 71, 266 N. W. at page 164, 267 N.W. 426: "Some cases hold that obligations for alimony and support money transcend the provisions of a spendthrift trust and may thwart spendthrift trust provisions by the settlor. The Restatement of the Law of Trusts by the American Law Institute, § 157, so states the law. We are not impressed with the soundness of that doctrine. In the case at bar it would be an attempt to judicially interpret into the language of the donor, provisions contrary to his actual intent as expressed. When unrestrained by statute

---

[7] We have not overlooked plaintiffs' argument that the provision of the will bequeathing property to the children upon the condition that the mother release all alimony and support claims, is void as impossible of performance on their part. We do not regard decision of this question necessary to the issues presented. The validity of the provision as affecting the disposition of the property at the termination of the trust is not before us. Its only pertinency relative to the issues presented is that it demonstrates a determined intention on the part of the testatrix that neither the wife nor children shall benefit from the trust fund prior to its termination.

it is the intent of the donor, not the character of the donee's obligation, which controls the availability and disposition of his gift."

We conclude, therefore, that the Bill of Complaint failed to state a cause of action and was properly dismissed.

The order of dismissal is affirmed.

EVANS, Circuit Judge (dissenting).

Admittedly it would not be difficult for me to reconcile myself to an approval of the majority opinion, if I conceived my duty to be limited to ascertaining and following the state court decisions which have spoken on the non-liability of spendthrift trusts for claims of deserted wives and neglected children and applying that majority rule to a trust arising in Wisconsin which has not yet spoken on the subject. In fact, affirmance would be unavoidable.

Plaintiffs rely for their support largely upon the Restatement of the Law of Trusts, vol. 1, § 157, where it is said:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

"(a) by the wife or child of the beneficiary for support, or by the wife for alimony;
* * *."

The majority opinion herein, rather conclusively establishes that this restatement of the law is incorrect. In other words, in the states which have spoken, a spendthrift trust is not subject to the alimony claims of a divorced wife or for the support of dependent children for whose care the court has directed the spendthrift to make payment, unless from the language of the trust or from the reasonable inferences to be drawn therefrom, the court finds it was the fair intendment of the settlor to so charge the trust. In other cases, namely, where the settlor either negatives an intention to charge the trust with alimony and children's support claims, or when no intent of any kind in respect to the matter is inferable, the trust is not to be subjected to such claims.

This should, and would, settle the matter as the majority opinion holds but for the fact that I am unable to satisfy myself that the number of state court opinions is sufficiently large and sufficiently persuasive as to make applicable the rule of stare decisis. Moreover, the reasons for a contrary conclusion are far more persuasive.

First, as to the weight of authority. Not one in five states of the Union has ruled on this question. If my study is correct, only nine states have spoken through their Appellate Courts.*† Two states have statutes on the subject. Where statutes have been enacted, regardless of the court decisions, they express a policy which denies to the settlor of a spendthrift trust the right to exclude a wife's or children's claims for support. The existence of such statutes at

---

\* Cases in the various states passing upon the right to payment of alimony or support for children from a spendthrift trust of which the husband and father is beneficiary.

California: Canfield v. Security First Nat. Bank, Cal.App., 77 P.2d 866, divorced wife permitted to recover surplus of spendthrift trust.

Illinois: England v. England, 223 Ill. App. 549, permitted recovery of alimony; Tuttle v. Gunderson, 254 Ill.App. 552, permitted recovery.

Iowa: De Rousse v. Williams, 181 Iowa 379, 164 N.W. 896.

Massachusetts: Bucknam v. Bucknam, Mass., 200 N.E. 918, 104 A.L.R. 774, denied recovery for alimony and child's support; Burrage v. Bucknam, Mass., 16 N.E.2d 705, divorced wife and child denied recovery.

Michigan: Gilkey v. Gilkey, 162 Mich. 664, 127 N.W. 715.

Minnesota: Erickson v. Erickson, 197 Minn. 71, 266 N.W. 161, 267 N.W. 426, says settlor's intention should control.

New Hampshire: Eaton v. Eaton, 82 N.H. 216, 132 A. 10; Id., 81 N.H. 275, 125 A. 433, 35 A.L.R. 1034, denied wife's alimony; allowed children's support; Fowler v. Hancock, 89 N.H. 301, 197 A. 715, held in discretion of trustee to support beneficiary's children.

New York: Fink v. Fink, 139 Misc. 630, 248 N.Y.S. 129, recovery against surplus; Pruyn v. Sears, 96 Misc. 200, 161 N.Y.S. 58; Sand v. Beach, 270 N. Y. 281, 200 N.E. 821; Wetmore v. Wetmore, 149 N.Y. 520, 44 N.E. 169, 33 L. R.A. 708, 52 Am.St.Rep. 752.

Pennsylvania: In re Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L. R. 1251, permits recovery; Thackara v. Mintzer, 100 Pa. 151, denied recovery; Thomas v. Thomas, 112 Pa.Super. 578, 172 A. 36, permitted recovery.

† Washington: Knettle v. Knettle, 197 Wash. 225, 84 P.2d 996, § 157 of the Restatement of the Law of Trusts cited in obiter with approval.

least indicates in which direction public policy is pointing.

We are here endeavoring to state the law of Wisconsin, which has not spoken a word directly on this subject either through its legislature** or its courts. Should we, or must we, then find that this Wisconsin trust is free of these claims because the state of X has so ruled? If only one state has spoken, or even if five have so spoken, should we fall into line because of the doctrine of stare decisis? Is this rule so controlling that honest differences of opinion must be abandoned so that harmony of decisions on a question of public policy may obtain?

Nor can it be said that there is unanimity of opinion. In many cases the holdings are not unequivocal. The question is evidently a debatable one. Not only does the restatement of the law, which surely has weighty support, coming from such a worthy group of students of the law, deny the law to be as stated by the few courts that have spoken, but I find like expressions from other respectable authority.

The note in 104 A.L.R. 779, at page 781 states:

"In a number of the more recent decisions it has been held that the income from a spendthrift trust is liable for alimony due the divorced wife of the beneficiary * * *

"The income from spendthrift trusts has, in most recent cases where the question has arisen, been held to be subject to a claim for maintenance of the wife and children of the beneficiary."

The conclusion of the commentary in the case note appearing in 35 Yale Law Journal, page 1025, is

"Therefore, while the instant case is undoubtedly in accord with precedent on the particular issue, a contrary view might seem so be justified by the policy which in other situations has taken alimony out of the category of mere debts."

See also Griswold, Spendthrift Trusts, §§ 333-350; 34 Michigan Law Review, 1269; 35 A.L.R. 1035; 52 A.L.R. 1259.

Griswold in his work on "Spendthrift Trusts," Section 339 discusses the claim of alimony against a spendthrift trust. He says:

"The right of a wife to reach the interest of a beneficiary of a spendthrift or discretionary trust to satisfy a judgment for alimony has been presented to the courts several times, with varying results. The question, of course, is closely related to the wife's right to reach the interest for support, but it has been treated more or less distinctly. It is sometimes asserted that alimony is not a debt, but is simply a substitute for the wife's right to support. Other cases, however, have said that alimony is a debt, and that the wife stands no better than any other creditor.

"In Pennsylvania, it was early held a wife could not reach the beneficiary's interest to enforce a judgment for alimony, and the same result has been reached concerning discretionary trusts in Iowa and New Hampshire. In New York, however, the wife may reach the interest of the beneficiary; and though her legal standing may not be better than that of any other creditor, yet in practice she seems to be more successful. In Illinois, it has been held that the beneficiary's interest may be reached in satisfaction of a judgment for alimony, in spite of the complete statutory restriction against the rights of creditors. * * *

"(Sec. 340) Further support for the conclusion that the wife may reach such an interest in satisfaction of a judgment for alimony is found in cases allowing recovery for claims of this sort out of funds received by the husband as veteran's compensation, which by federal statute are exempt from the claims of creditors. It is also generally held that the usual statutory exemptions from execution do not apply to proceedings to enforce the payment of alimony or support. Cases such as these would seem to form a very strong basis for the conclusion that interests in a spendthrift trust should not be exempt from claims of this sort. *The fiat of the settlor should not be able to create an exemption more potent than the legislature of the state itself has established against the wife's claim.*"

These quotations and citations do not of course outweigh judicial decisions in the states where the courts have spoken. Moreover, the force of the restatement of the law quotation may well be challenged on the ground that such opinion was not writ-

---

** Wisconsin took its statutes on Uses and Trusts from New York. They nowhere mention spendthrift trusts, as such. It may be, Wisconsin will adopt New York decisions respecting applicability of general statutory provisions to spendthrift trusts.

ten as an expression of that body's views on this question but merely as an attempted statement of what it believed the holdings of the courts which have spoken, to be.

All of this criticism I readily accept. They are well taken exceptions to these authorities. Nevertheless these quotations strike me as proof, and, somewhat persuasive evidence, too, of a difference of opinion on this phase of spendthrift trusts which has, as yet, not been widely discussed or adjudicated.

Nor have the judicial opinions which have been found and analyzed held so consistently for the defendant. It is significant that the Illinois courts have rather uniformly held such trusts subject to alimony claims. Certainly Keller v. Keller, 284 Ill.App. 198, 1 N.E.2d 773, and Tuttle v. Gunderson, 254 Ill.App. 552, do not hold that spendthrift trusts are not liable for alimony and children's support money even when the settlor has expressly excluded them from protection. These cases do not pass on such a fact situation. All that can be claimed for them is that they held the trust liable for alimony and children's support claims, and with more facility than logic declared that the language of the trust indicated an intention on settlor's part to so charge the trust. It was seemingly easier to so construe the terms of the trust than to tackle the legal question arising in a case wherein the settlor either made no mention of an alimony claim or expressly excluded it from protection.

And so I find myself—endeavoring to state the law of Wisconsin—without a Wisconsin decision to guide me, but enlightened by the views of courts and text writers who are not in accord.

Approaching the question unaided by judicial views or text authorities, what should be the decision? Assuming Wisconsin—thus far a stranger to spendthrifts or at least to spendthrift trusts (though probably not a stranger to alimony and methods commonly and uncommonly adopted to avoid or evade alimony payments)—was to approach the question unvexed by precedents, harmonious or conflicting, judicial or legislative, what would be its approach to the question? What its answer?

A spendthrift trust is a trust for the support and care of one who is a spendthrift. It may be said to be a kind of a substitute for a guardianship. On the theory that the settlor who has the money to give, may do as she pleases with it, the argument is advanced that she may create a trust which will be immune from successful attack by creditors of the designated beneficiary. In states where these trusts have arisen for enforcement, it has been held that such a scheme which provides for the avoidance of a spendthrift's debts is not contrary to public policy. But the matter of public policy takes on real importance when such a trust is created by a prejudice bearing settlor who excluded the dependent neglected children from its protection. Without elaborating on the reasons which impel the conclusion which I reach, it would seem not unlikely that the various states (including Wisconsin) which have not spoken, may, in the light of the difference of opinion (not limited to judicial opinion), refuse to sanction a scheme whereby a spendthrift may live in comfort (or even luxury) and flout the obligations which he owes to the children he brought into existence or to a society which today humanely assumes a keen interest in their welfare as well as in the wife who has been deserted. It is not at all unlikely that the courts of the states which have not spoken may conclude that a provision of a spendthrift trust, which exempts the trust from the claims of alimony and children's support, is against public policy. At least until more states have definitely and squarely so held, I do not feel bound by any doctrine of stare decisis.

When Wisconsin courts have spoken this court must and will accept and apply its decisions as the controlling law of that state. Until it has finally announced its law, we are free to adopt that view which accords with our ideas of right and justice. The argument in favor of holding the trust's exclusion of wife's alimony and children's support money void, as against public policy, in my opinion greatly outweighs the settlor's right to dispose of her property as she sees fit uninfluenced and uncontrolled by familial obligations. Entertaining such views, I cannot, in the present state of Wisconsin law, give support to the conclusion expressed in the majority opinion.